Todd Lee CHURCH, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–96–00827–CR.

Court of Appeals of Texas,
Houston, (1st Dist.).

March 13, 1997.

Discretionary Review Refused
May 21, 1997.

Keith Hampton, Houston, for appellant.

John H. Harrity, Richmond, for appellee.

Before NUCHIA, COHEN, and
ANDELL, JJ.

**OPINION**

NUCHIA, Justice.

We hereby withdraw our opinion and judgment of February 27, 1997.

Appellant, Todd Lee Church, appeals the denial of habeas corpus relief after he asserted a double jeopardy bar to the prosecution of a driving while intoxicated (DWI) charge against him. We affirm.

■ After his arrest for DWI, appellant refused to submit to a breath test to determine his blood alcohol content. Because of his refusal to submit, an administrative license revocation (ALR) hearing was held pursuant to TEX.TRANSP. CODE ANN. ch. 724 (Vernon Pamph.1996). At the conclusion of the ALR hearing, the administrative law judge (ALJ) found the Department of Public Safety (DPS) "did not prove, by a preponderance of the evidence[,] that [appellant] was operating a motor vehicle," and denied the State's petition to suspend appellant's license. In a single point of error, appellant argues that—in light of the facts found by the ALJ—the doctrine of collateral estoppel bars the DWI prosecution. We disagree.

■ Although an administrative agency acting under a general grant of power has the implied authority "*reasonably* necessary to accomplish a delegated purpose," *Texas Dep't of Human Servs. v. Christian Care Ctrs.*, 826 S.W.2d 715, 719 (Tex.App.—Austin 1992, writ denied) (emphasis in original), the power to determine whether appellant did in fact operate the vehicle is not necessary to accomplish any purpose delegated to the DPS under chapter 724 of the Transportation Code. To the contrary, TEX.TRANSP. CODE ANN. § 724.048 provides that the administrative findings shall not constitute a bar to any criminal proceedings. This reflects the Legislature's intent that the ALJ limit herself to the issues set out in section 724.042 rather than—as this judge did—attempting to rule on issues of ultimate fact to be presented at the DWI prosecution.

In an ALR hearing, the ALJ is to decide "whether probable cause existed to believe ... [appellant] was operating a motor vehicle in a public place while intoxicated." TEX. TRANSP. CODE ANN. § 724.042(2) (Vernon Pamph.1996). The statute authorizing the suspension hearing neither requires nor empowers the ALJ to decide the ultimate issue of whether appellant was actually operating a motor vehicle while intoxicated.[1] In short, the "fact" forming the basis of appellant's collateral estoppel argument was beyond the authority of the ALJ to find. As such, any finding of fact on that issue by the ALJ is of no import. The administrative judge's finding, therefore, cannot operate as a collateral estoppel bar to the DWI prosecution of appellant.

We overrule appellant's sole point of error.

We affirm the judgment of the trial court.

COHEN and ANDELL, JJ., concur.

---

1. That issue is one to be litigated during the DWI prosecution: "A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04(a) (Vernon Supp.1997).