Reversed and Rendered and Opinion filed July 3, 2003









Reversed
and Rendered and Opinion filed July 3, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01102-CV

____________

 

TEXAS
DEPARTMENT OF PUBLIC SAFETY, Appellant

 

V.

 

JULIE
ANNE BUTLER, Appellee

 



 

On Appeal from the
County Court at Law No. 2

Brazos
County, Texas

Trial Court Cause
No. 4672-B

 



 

O P I N I O N

The Texas Department of
Public Safety (DPS) appeals a county court-at-law judgment reversing an
administrative order suspending Julie Anne Butler=s
driver’s license because she refused to give a breath specimen to determine if
she was intoxicated.  DPS contends the
trial court erred by requiring DPS to prove the time of Butler=s accident in order to
show probable cause to believe Butler was driving while intoxicated.  Because we find the time of the accident is
not necessary to prove probable cause to believe Butler was driving while
intoxicated, we reverse the judgment of the trial court and render the judgment
of the administrative law judge (ALJ).








FACTUAL AND PROCEDURAL
BACKGROUND

Just after midnight on
January 15, 2002, Officer Jim Do was dispatched to the scene of a car accident
in Bryan, Texas.  When Officer Do arrived
at the scene five to eight minutes later, he discovered Butler=s Honda Civic in the
middle of the road; her car had struck a parked vehicle.  Butler was not at the scene and the driver=s side door of her car
was ajar.  Officer Do saw no alcoholic
beverages in Butler=s
car.  Several individuals parked nearby
told Officer Do that Butler was in a nearby apartment.  

As he had been told,
Officer Do found Butler in the nearby apartment.  She had a “very strong” odor of alcoholic
beverages; her eyes were glassy and bloodshot. 
The resident of the apartment stated she found Butler in the driver=s seat of the Civic after
she heard the crash, and she let Butler in to use the bathroom.  Officer Do saw no alcoholic beverages in the
apartment.  When Officer Do asked Butler
if the Civic outside was hers, she replied in slurred speech that it was.  She admitted she had been driving at the time
of the accident.  

When Officer Do asked
Butler to step outside with him, she had difficulty walking without
stumbling.  When Officer Do performed the
horizontal gaze nystagmus test, Butler exhibited all the signs of
intoxication.  When she tried the
walk-and-turn and one-leg-stand tests, she failed them.

With this information at
hand, Officer Do arrested Butler for driving while intoxicated.  He read her a statutory warning and asked for
a breath specimen, but Butler refused to provide it.  By refusing, Butler brought about an
automatic suspension of her driver’s license. 
Tex. Transp.
Code Ann. '
724.042. 








Butler requested an
administrative hearing to contest the license suspension.  The ALJ found sufficient evidence to uphold
it.  Butler then appealed to the county
court at law.  There, she argued the
evidence was insufficient to find she was actually intoxicated at the time of
the accident.  She pointed out that the
record did not show when the accident occurred. 
Seizing on this gap in information, she argued the accident could have
occurred hours before Officer Do arrived and that she might not have become
intoxicated until after the accident. 
The trial court agreed with at least part of Butler=s argument and overturned
the ALJ’s suspension order.  This appeal followed.

STANDARD OF REVIEW

When reviewing an ALJ’s suspension of driving privileges, courts must use a
substantial evidence standard of review. 
Mireles v. Tex. Dep’t of Pub. Safety, 9 S.W.3d 128, 131 (Tex. 1999); Tex. Dep’t of
Pub. Safety v. Jackson, 76 S.W.3d 103, 106 (Tex. App.CHouston
[14th Dist.] 2002, no pet.).  Under this
standard, the reviewing court cannot replace the ALJ’s
judgment with its own.  R.R. Comm=n
of Tex. v. Torch Operating Co., 912 S.W.2d 790, 792 (Tex. 1995); Jackson,
76 S.W.3d at 106.  If the ALJ’s decision is supported by more than a mere scintilla
of evidence, that decision must be upheld. 
See Torch Operating Co., 912 S.W.2d at 792B93.  When reviewing the record from the
administrative agency, the existence of more than a mere scintilla of evidence
turns on the question of the reasonableness of the ALJ’s
decision, not the correctness of that decision. 
City of El Paso v. Pub. Util. Comm’n of Tex., 883 S.W.2d 179, 185 (Tex. 1994).  The conclusions of the ALJ are presumed
valid.  Id.  Whether the ALJ’s
decision is supported by more than a mere scintilla of evidence is a question
of law.  Firemen=s and Policemen’s Civ.
Serv. Comm=n
v. Brinkmeyer, 662 S.W.2d 953, 956
(Tex. 1984); Jackson, 76 S.W.3d at 106. 
Accordingly,  we
review the trial court’s judgment under a substantial evidence standard of
review de novo.  State v. Heal,
917 S.W.2d 6, 9 (Tex. 1996); Jackson, 76 S.W.3d at 106.                     

A.        Proof Required to Uphold Suspension

To uphold a license
suspension, an ALJ must find that DPS has proven all elements of section
724.042 by a preponderance of the evidence. 
Jackson, 76 S.W.3d at 107.  Those elements are listed in the following
subsections:

            (1)
reasonable suspicion or probable cause existed to stop
or arrest the person; 








(2) probable cause existed to believe that the person was
operating a motor vehicle in a public place while intoxicated; 

(3) the person was placed under arrest by the officer and was
requested to submit to the taking of a specimen; and 

(4) the person refused to submit to the taking of a specimen on
request of the officer.

 

Tex. Transp. Code Ann. ' 724.042.  Probable cause exists when a police officer
has reasonably trustworthy information sufficient to warrant a reasonable
person to believe a particular person has committed an offense.  Guzman v. State, 955
S.W.2d 85, 87 (Tex. Crim. App. 1997). 
Probable cause deals with probabilities; there must be more than mere
speculation but far less than needed to convict or even to find a preponderance
of the evidence.  Id.  

B.        The Parties=
Claims

DPS contends the trial
court held it to a higher burden than the law imposes by requiring proof of the
time of the accident, in essence requiring proof Butler was in fact driving
while intoxicated.  DPS argues that subsection
(2), listed above, does not require proof of the time
of the accident; it only requires proof of probable cause to believe Butler was
driving while intoxicated.

In response, Butler
argues DPS must prove the time of the accident to find probable cause to arrest
under subsection (1).  Butler claims this
burden cannot be met because Officer Do was unable to pin down the time of the
accident.  Butler again raises the
argument she made in the trial court that it is possible Officer Do arrived on
the scene hours after the accident.  She
argues she could have become intoxicated in the interim.

The trial court’s order
did not state why it reversed the suspension other than that insufficient
evidence existed to support the ALJ’s ruling.  However, it is apparent Butler’s argument was
significant to the trial court’s final decision. 








We agree with DPS that
the issue is whether DPS presented sufficient evidence so that the ALJ could
reasonably conclude that Officer Do had probable cause to believe that Butler
was operating a car in a public place while she was intoxicated.  We agree that the trial court apparently
required DPS to prove the time of the accident, in essence requiring proof
Butler was in fact operating a motor vehicle in a public place while
intoxicated.  In any event, whether the
trial court actually insisted on proof of the time of the accident or not, the
trial court erred in reversing the ALJ’s
decision.  We explain below.  

C.        Review of the Evidence                 








            The
question before us is whether the ALJ’s decision was
reasonable.  Was it reasonable for the
ALJ to conclude that Officer Do had probable cause to believe Butler had the
accident because she was driving while intoxicated, not that she had the
accident and then began drinking? 
Keeping in mind that probable cause deals in probabilities and that far
less evidence is needed than to convict or even to show a preponderance of the
evidence, we find the ALJ’s decision perfectly
reasonable.  Although Officer Do
testified he did not have any idea when the accident took place, facts exist
that would lead a reasonable person to believe Butler was driving while
intoxicated.  Officer Do arrived at the
scene of the car accident between five and eight minutes after he was
dispatched.  Bystanders at the scene told
him that the driver of the car was in a nearby apartment.  The resident of that apartment said she found
Butler in the driver=s
seat of the Honda Civic after hearing the crash.  Butler admitted she was driving at the time
of the accident.  Butler smelled of
alcoholic beverages.  Her eyes were bloodshot
and her speech was slurred.  She had
difficulty walking.  She failed three
field sobriety tests.  Officer Do saw no
alcoholic beverages in Butler’s car or in her possession, and he reported no
alcoholic beverages in the apartment where she was found.  This evidence would lead a reasonable person
to believe the accident had occurred shortly before Officer Do arrived.  Though the proof would have been stronger if
DPS had put on additional evidence showing Butler was intoxicated, its failure
to do so is not a fatal flaw.  There is
substantial evidence in the record to uphold the ALJ’s
suspension of Butler=s
license. 

The alternative
conclusionCthat
the accident occurred several hours before Officer Do arrived and that Butler
became intoxicated at some point after the accidentCis completely
unreasonable.  It requires one to suspend
reasonableness.  For example, we know
that the resident of the apartment where Officer Do found Butler,
retrieved Butler from her car after hearing the crash and then allowed Butler
to come to her apartment to use the bathroom. 
We would have to believe that this residentCwho does not appear to have known
ButlerClet
Butler stay in her apartment several hours while Butler became intoxicated, or,
that Butler left for awhile, became intoxicated, then returned and just
happened to be sitting in the apartment again when Officer Do was led to
her.  We would have to believe that the
people on the street who directed Officer Do to the apartment witnessed the
accident several hours earlier and happened to still be around to direct
Officer Do.  This all seems to be very
unreasonable, while the ALJ’s scenario is quite
reasonable.








Our decision is supported
by other license suspension cases in which proof of the time of the accident
was not a factor.  See Tex. Dep’t of
Pub. Safety v. Pruitt, 75 S.W.3d 634, 640B41
(Tex. App.CSan
Antonio 2002, no pet.) (affirming license suspension when no time of accident
was established and police officer’s report on single car accident indicated
driver had mild odor of alcohol and slurred speech);[1] see
also Tex. Dep’t of Safety v. Jones, 938 S.W.2d 785, 787 (Tex. App.CBeaumont 1997, no pet.) (affirming license suspension when no time of accident was
established, driver left scene of accident, and police officer testified when
he located driver, driver had slurred speech, strong odor of alcohol, and
impaired ability to walk).  It is also
supported by case law holding that DPS does not have to prove Butler was in fact
driving while intoxicated in order to suspend her license under section
724.042.  See Church v. State,
942 S.W.2d 139, 140 (Tex. App.CHouston
[1st Dist.] 1997,  pet. ref’d) (holding
that the determination whether the driver did in fact operate a vehicle while
intoxicated was a criminal matter, while license suspension was a civil matter,
requiring only probable cause to believe the driver was driving while
intoxicated, and that “[t]he statute authorizing the suspension hearing neither
requires nor empowers the ALJ to decide the ultimate issue of whether [the
driver] was actually operating a motor vehicle while intoxicated”).[2]  

We reverse the county
court’s judgment and render judgment upholding the administrative decision
suspending Butler=s
driver’s license.  

 

 

/s/        Wanda
McKee Fowler

Justice

 

 

 

Judgment rendered and Opinion filed July 3, 2003.

Panel consists of Chief Justice Brister and Justices Fowler and
Frost.  











[1]  While we
recognize the fact that the driver in Pruitt admitted to the officer
that he had been drinking prior to the accident, this case is not factually
flawed because Butler did not admit to drinking before the accident.  Butler failed three field sobriety tests,
which the driver in Pruitt refused to perform.  





[2]  Butler makes
no distinction between the civil nature of the license suspension proceedings
and a criminal conviction for driving while intoxicated.  All of the cases Butler relies upon in
support of her contention are criminal cases requiring proof of the time of the
accident in order to convict for driving while intoxicated.  DPS points out, and we agree, that while the
timing of the accident may be necessary to uphold a criminal conviction, the
statute at issue in this case is not criminal in nature.