IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00290-CV

 

Department of Public Safety,

                                                                      Appellant

 v.

 

Jack Edward Hirschman,

                                                                      Appellee

 

 

 



From the County Court at Law No. 1

Brazos County, Texas

Trial Court No. 4729-B

 



O p i n i o n



 

The Texas Department of Public
Safety (“Department”) suspended Jack Edward Hirschman’s license based on his
refusal to give a blood or breath specimen. 
This administrative suspension was reversed by the county court at law.  The Department appeals the court’s order in
three issues: (1) error in requiring the Department to prove that Hirschman was
actually driving while intoxicated; (2) error in considering “equally plausible
but opposite inferences” when reviewing the evidence; and (3) error in
reversing the ALJ’s decision that was supported by substantial evidence.  We will sustain all issues, reverse the
county court at law’s judgment, and affirm the ALJ’s order authorizing the
Department to suspend Hirschman’s license.

FACTUAL
AND PROCEDURAL BACKGROUND

The Accident and Arrest

Officer James Arnold was dispatched
to a reported hit-and-run accident.  The
dispatcher told Officer Arnold that the actor vehicle was a truck, and it had
come to a stop nearby with the driver still in the truck.  At the scene, Officer Arnold found a group of
bystanders around a vehicle that had been struck.  Officer Arnold asked the bystanders where the
other vehicle was, and they pointed to a truck approximately 100 yards
away.  Officer Arnold observed that a
wheel and tire, missing from the truck, were by the struck car.  Two of the bystanders reported that there was
a male occupant in the driver’s seat of the truck listening to the radio, and
there were no other occupants in the truck. 
Officer Arnold approached the truck and observed damage to the truck.  Hirschman was sitting in the driver’s seat of
the truck with the keys in his hand.  He
told Officer Arnold that he was drunk, was on his way to an interview, and he
was not supposed to be driving.

Officer Arnold smelled an alcoholic
beverage on Hirschman’s breath, and noticed that Hirschman had slurred speech
and was lethargic.  During field sobriety
testing, another officer had to hold onto Hirschman to prevent him from falling
down.  After the testing, Officer Arnold
arrested Hirschman for DWI.  After a
request from Officer Arnold, Hirschman refused to give a specimen of his breath
or blood.




The Administrative Hearing

During the administrative hearing,
evidence was offered and entered for the record.  Hirschman made several objections, and the
ALJ excluded the witness statements that were not contained in Officer Arnold’s
report.  Hirschman argued that the
Department was required to show that he was actually operating the truck.  The Department responded that they did not
have to prove that Officer Arnold observed Hirschman driving the truck; they
had to prove that Officer Arnold had probable cause to believe that Hirschman
was driving the truck while intoxicated. 
The ALJ found that the Department proved all of the elements and
authorized the Department’s suspension of Hirschman’s driver’s license.  The ALJ’s findings included:

1)    
On
11-13-03, reasonable suspicion to stop, detain, and question the Defendant
existed in that the vehicle he was driving was involved in a collision with
another vehicle at Fraternity Row in College Station, Texas.

2)    
On the same
date, probable cause to arrest the Defendant existed in that there was probable
cause to believe that Defendant was operating a motor vehicle in a public place
while intoxicated, because in addition to the facts in No. 1, Defendant: had a
strong odor of an alcoholic beverage on his breath; had very slurred speech and
seemed lethargic; almost lost his balance when exiting his vehicle and trying
to walk; had glassy, bloodshot eyes; on the horizontal gaze nystagmus test, in
both eyes, lacked smooth pursuit, had distinct nystagmus at maximum deviation,
and had nystagmus onset prior to 45 degrees; had vertical nystagmus; on the
walk-and-turn test, could not balance during instructions, started too soon,
did not touch heel to toe, used his arms to balance, and made an improper turn
or lost his balance on the turn; and on the one-leg stand, swayed while
balancing, put his foot down, and used his arms for balance.

3)    
Defendant
was operating a motor vehicle in a public place in Brazos County,
Texas.

4)    
Defendant
was placed under arrest and was properly asked to submit a specimen of breath
or blood.

5)    
After being
requested to submit a specimen of breath or blood, Defendant refused.

6)    
Defendant
has had one or more alcohol or drug-related enforcement contacts during the ten
years preceding the date of Defendant’s arrest as indicated on defendant’s
driving record.

 

The court concluded that the “Department proved
the issues set out in Tex. Transp. Code
Ann. § 524.035 or § 724.042 and that Defendant’s license is subject to a
suspension for two years.”

County Court at Law Review

Hirschman appealed the
administrative decision to the county court at law arguing that there was
legally insufficient evidence to support the ALJ’s Finding of Fact that
Defendant was operating a motor vehicle in a public place in Brazos County,
Texas.  He argued that the evidence in
the police report was circumstantial, and that circumstantial evidence from
which equally plausible inferences could be drawn was insufficient to support
the Department’s case.  The Department
argued that it was only required to prove that there was probable cause to
believe that Hirschman was operating a motor vehicle while intoxicated.  The Department further argued that equally
plausible but opposite inferences is a standard that no longer binds courts.

The county court at law filed a
“Memorandum Opinion and Order,” which reversed the administrative decision and
entered judgment in favor of Hirschman. 
The county court at law held that the evidence offered was not more than
a scintilla of evidence to support probable cause to arrest Hirschman for DWI.

The Department now appeals from the
trial court’s judgment.

STANDARD
OF REVIEW

Administrative Hearing

A person who has his driver’s
license suspended may request an administrative hearing before an
administrative law judge (“ALJ”).  Tex. Transp. Code Ann. § 724.041(a),
(d) (Vernon
1999).  The Department’s determination to
suspend a driver’s license “is a civil matter.” 
Id. § 524.012(e)(1) (Vernon
1999).

The issues at the administrative
hearing are whether:

    (1)
reasonable suspicion or probable cause existed to stop or arrest the person;

    (2)
probable cause existed to believe that the person was:

                   (A)
operating a motor vehicle in a public place while intoxicated;

                         or

                     (B) operating a watercraft powered with an
engine having a manufacturer's rating of 50 horsepower or above while
intoxicated;

    (3) the person was placed under arrest by
the officer and was requested to submit to the taking of a specimen; and

    (4)
the person refused to submit to the taking of a specimen on request of the
officer.

 

Id. § 724.042
(Vernon Supp.
2004-05).  The ALJ, in determining the
merits of the case, must determine whether the Department proved the elements
by a preponderance of the evidence.  1 Tex. Admin. Code § 159.19(a) (Issues).  If the ALJ finds the Department proved each
of the required elements, the license suspension is sustained.  Id. §
159.19(c); Tex. Transp. Code Ann. §
724.043(a) (Vernon
Supp. 2004-05).

Appeal—Substantial Evidence Rule

A person may appeal the ALJ’s
license suspension to a county court at law. 
1 Tex. Admin. Code §
159.37(a) (Appeal of Judge’s Decision). 
Chapter 524 of the Texas Transportation Code governs the appeal.  Tex.
Transp. Code Ann. § 724.047 (Vernon
1999).  Judicial review of the ALJ’s
decision is based on the substantial evidence rule.  See
id.
§ 524.041 (Vernon
1999); Tex. Gov’t Code Ann. §
2001.174 (Vernon 2000); Mireles v.
Department of Public Safety, 9 S.W.3d 128, 131 (Tex. 1999). 
The court:

  (1)  may
affirm the agency decision in whole or in part; and

   (2) shall reverse or remand the case for
further proceedings if substantial rights of the appellant have been prejudiced
because the administrative findings, inferences, conclusions, or decisions are:

        (A)
in violation of a constitutional or statutory provision;

        (B)
in excess of the agency's statutory authority;

(C) made through unlawful procedure;

(D) affected by other error of law;

(E) not reasonably supported by
substantial evidence considering the reliable and probative evidence in the
record as a whole; or

(F) arbitrary or capricious or
characterized by abuse of discretion or clearly unwarranted exercise of discretion.

 

Tex. Gov’t Code Ann. § 2001.174. 
Thus, the county court at law must examine the ALJ’s order to determine
whether the original order was reasonably supported by substantial evidence considering
the record as a whole.  Tex. Dep’t of Pub. Safety v. Pruitt, 75 S.W.3d 634, 639 (Tex. App.—San Antonio
2002, no pet.).

A court applying the substantial
evidence standard of review may not substitute its judgment for that of the ALJ
as to the weight of the evidence on questions committed to the ALJ’s
discretion.  Tex. Gov’t Code Ann. § 2001.174; see also Texas Health
Facilities Comm'n v. Charter Medical-Dallas, Inc., 665 S.W.2d 446, 452 (Tex. 1984).  The ALJ is the sole judge of the weight of
the evidence.  Tex. Dep’t of Pub. Safety v. Raffaelli, 905
S.W.2d 773, 778 (Tex. App.—Texarkana 1995, no writ).  The issue for the reviewing court is not
whether the ALJ reached the correct conclusion, but rather whether there is
some reasonable basis in the record for the decision of the ALJ.  See City of El Paso v.
Public Util. Comm'n, 883 S.W.2d 179, 185 (Tex. 1994). 
“At its core, the substantial evidence rule is a reasonableness test or
a rational basis test.”  Id.  “The findings, inferences, conclusions, and
decisions of an administrative agency are presumed to be supported by
substantial evidence, and the burden is on the contestant to prove
otherwise.”  Id.  Substantial evidence requires only more than
a scintilla, and the evidence on the record may actually preponderate against
the decision of the agency and nonetheless amount to substantial evidence.  R.R. Comm'n
of Texas v. Torch Operating Co., 912
S.W.2d 790, 792-93 (Tex.
1995).  The substantial evidence standard
gives significant deference to the agency in its field of expertise.  Id. at 792.  If there is evidence to support either
affirmative or negative findings on a specific matter, the administrative
decision must be upheld.  Texas Dep't of Public Safety v. Stacy,
954 S.W.2d 80, 83 (Tex. App.—San Antonio 1997, no writ).  Any evidentiary ambiguities should be resolved
in favor of the administrative order with a finding of substantial evidence to
support the ALJ’s decision.  Pruitt, 75 S.W.3d at 640.

The scope of review is “confined to
the [ALJ] record.”  Tex. Gov’t Code Ann. § 2001.175(e)
(Vernon 2000).  Under the substantial
evidence standard, we review the ALJ record to determine whether there is
substantial evidence to support the ALJ’s decision; we review the determination
by the county court at law de novo.  Tex. Dep’t of Pub. Safety v. Friedel, 112
S.W.3d 768, 770 (Tex.
App.—Beaumont 2003, no pet.).  The
question of whether the ALJ’s determination meets the substantial evidence
standard is one of law.  Montgomery Indep. Sch. Dist. v. Davis,
34 S.W.3d 559, 566 (Tex.
2000).  We review questions of law
without affording any deference to the county court at law’s determination.  Tex. Dep’t of Pub. Safety v. Cuellar, 58
S.W.3d 781, 784 (Tex.
App.—San Antonio 2001, no pet.).

ISSUE
TWO: EQUALLY PLAUSIBLE BUT OPPOSITE INFERENCES

The Department argues that the
county court at law was in error when it considered an “equally plausible but
opposite inferences” construct to review the ALJ record.  The Department argues that this standard of
review has been abolished by the Court of Criminal Appeals.  Hirschman argues that the
proper civil standard for review of circumstantial evidence is the equally
plausible but opposite inferences construct set out by the Supreme Court.[1]  We agree more with the Department.

We believe that the statute governing
license suspension appeals should be the touchstone in deciding which standard
of review should apply.  See In
re Jane Doe 2, 19 S.W.3d 278, 289 (Tex.
2000).  The statute specifically requires
the reviewing court to use the substantial evidence rule.  See
Tex. Transp. Code Ann. § 524.041;
Tex. Gov’t Code Ann. §
2001.174.  Because a court applying the
substantial evidence standard of review may not substitute its judgment for
that of the ALJ as to the weight of the evidence, the equally plausible but
opposite inferences construct could not be part of the substantial evidence
rule.  See Tex. Gov’t Code Ann.
§ 2001.174; Texas Health Facilities Comm'n v. Charter
Medical-Dallas, Inc., 665 S.W.2d 446, 452 (Tex. 1984). 
Although the county court at law cited section 2001.174 as part of its
standard of review, we find that it improperly substituted its own judgment by
re-weighing the evidence using the equally plausible but opposite inferences
construct.  See Tex. Gov’t Code Ann.
§ 2001.174; Rafaelli, 905 S.W.2d at
778.  Thus, we find the county court at
law erred; the court should have used the substantial evidence rule as stated
in the statute and interpreted in case law—this is the standard we will use to
review the ALJ’s order under issue three. 
We sustain issue two.




ISSUE
ONE: PROOF OF DRIVING WHILE INTOXICATED

The Department argues that the
county court at law held it to a higher burden of proving that Hirschman was
actually driving while intoxicated instead of requiring proof of “probable
cause to believe” that he was driving while intoxicated.  The Department argues that it proved probable
cause through Officer Arnold’s report and probable cause statement.

Hirschman argues that the county
court at law did not require the Department to prove that he was actually
operating the vehicle while intoxicated. 
He argues that the county court at law found that the ALJ’s Finding of Fact
#3 that “[d]efendant was operating a motor vehicle in a public place in Brazos County, Texas”
was not supported by the evidence and thus, the evidence was insufficient to
support probable cause.

In a license suspension hearing
before an ALJ, the ALJ is to decide “whether probable cause existed to believe
. . . [the license holder] was operating a motor vehicle in a public place
while intoxicated.”  Tex. Transp. Code Ann. § 724.042(2).  The statute authorizing the suspension
hearing neither requires nor empowers the ALJ to decide the ultimate issue of
whether appellant was actually operating a motor vehicle while intoxicated.  Church
v. State, 942 S.W.2d 139, 139-140 (Tex. App.—Houston [1st Dist.] 1997, pet.
ref’d).  That issue is one to be
litigated during the DWI prosecution: “A person commits an offense if the
person is intoxicated while operating a motor vehicle in a public place.”  Tex.
Pen. Code Ann. § 49.04(a) (Vernon 2003). 
Thus, a “fact” finding by an ALJ regarding actual operation of a motor
vehicle while intoxicated is beyond her authority.  See Church,
942 S.W.2d at 140.  As such, any finding
of fact on that issue by the ALJ is of no import.  See id.

The Department did not have to prove
Hirschman was in fact driving while intoxicated in order to suspend his license
under section 724.042.  See Department
of Public Safety v. Butler, 110 S.W.3d 673, 677 (Tex. App.—Houston [14th Dist.] 2003,
no writ).  The county court at law reversed
the ALJ’s order because:

the evidence offered to prove a vital
fact—Finding of Fact #3 [Defendant was operating a motor vehicle in a public
place in Brazos County, Texas]—is so weak as ‘to do no more than create a mere surmise or suspicion’ that
Hirschman was ‘the driver’ and that, if he were the driver of the black truck,
he was driving the ‘actor vehicle’ involved in an accident.  In this Court’s opinion, the evidence offered
is not more than a scintilla of
evidence to support a probable cause to arrest the Appellant for DWI.

 

We agree with the Department that
the issue is whether the Department presented substantial evidence to support
the ALJ’s conclusion that Officer Arnold had probable cause to believe that
Hirschman was operating a vehicle in a public place while he was intoxicated,
which the ALJ found in Finding of Fact #2. 
Because the ALJ’s Finding of Fact #3 that Hirschman was actually operating
a motor vehicle is not a vital fact and the ALJ was beyond her authority to
make this finding, the county court at law erred in requiring substantial
evidence of actual operation of a motor vehicle.  See Church,
942 S.W.2d at 140.  We sustain issue one.

ISSUE THREE: SUBSTANTIAL EVIDENCE

 

The Department argues that the
county court at law erred in reversing the ALJ’s decision that was supported by
substantial evidence.  Hirschman argues
that there was less than a scintilla of evidence to support the ALJ’s decision.

The question before us is whether there
is substantial evidence to support the ALJ’s Finding of Fact #2 that Officer
Arnold had probable cause to believe Hirschman was driving while intoxicated
and that Officer Arnold had probable cause to arrest Hirschman.[2]

With regard to this issue, the ALJ
found:

1)     
On
11-13-03, reasonable suspicion to stop, detain, and question the Defendant
existed in that the vehicle he was driving was involved in a collision with
another vehicle at Fraternity Row in College Station, Texas.

2)     
On the same
date, probable cause to arrest the Defendant existed in that there was probable
cause to believe that Defendant was operating a motor vehicle in a public place
while intoxicated, because in addition to the facts in No. 1, Defendant: had a
strong odor of an alcoholic beverage on his breath; had very slurred speech and
seemed lethargic; almost lost his balance when exiting his vehicle and trying
to walk; had glassy, bloodshot eyes; on the horizontal gaze nystagmus test, in
both eyes, lacked smooth pursuit, had distinct nystagmus at maximum deviation,
and had nystagmus onset prior to 45 degrees; had vertical nystagmus; on the
walk-and-turn test, could not balance during instructions, started too soon,
did not touch heel to toe, used his arms to balance, and made an improper turn
or lost his balance on the turn; and on the one-leg stand, swayed while
balancing, put his foot down, and used his arms for balance.

 

Probable cause is a mixed question
of law and fact.  Guzman v. State, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997).  However, once the underlying facts are
established, the existence of probable cause is a question of law for the
court.[3]  Wal-Mart
Stores, Inc. v. Resendez, 962 S.W.2d 539, 540 (Tex. 1998).

In reviewing the administrative
record to determine whether there is substantial evidence to support the ALJ’s
decision, we note that Officer Arnold’s report and probable cause statement indicate:
(1) Officer Arnold was told en route to the reported accident that the
reporting person said that the actor vehicle was a truck and it had come to a
stop nearby with the driver still inside the truck; (2) upon arriving at the
scene seven minutes after the call to police, Officer Arnold found a group of
people standing next to a Pontiac Grand Am that looked like it had been struck
by another vehicle and was partly on the curb; (3) Officer Arnold found an
intact wheel and tire next to the Pontiac; (4) bystanders reported to Officer
Arnold that they immediately came outside after hearing the crash and called
the police; (5) the bystanders told Officer Arnold that the other vehicle involved
in the accident was a truck that was approximately 100 yards away; (6) the
bystanders reported that there was a male occupant in the driver’s seat of the
truck and he was listening to the radio; (7) the bystanders stated that they
did not see any other occupants in the truck; (8) the truck was missing its
front right wheel and tire; (9) the three intact wheels and tires on the truck
matched the wheel and tire found next to the Pontiac; (10) there was a distinct
gouge mark in the pavement that started at the Pontiac’s location and ended at
the truck’s location; (11) when Officer Arnold approached the truck, he found
Hirschman sitting in the driver’s seat with the keys to the truck in his right
hand; (12) Hirschman told Officer Arnold that he was drunk, was on his way to
an interview, and should not be driving; (13) Officer Arnold reported that
Hirschman had a strong odor of an alcoholic beverage on his breath, had very
slurred speech, and seemed lethargic; (14) when Officer Arnold asked Hirschman
to step out of the truck, Hirschman almost fell out of the truck; (15) Officer
Arnold administered Standardized Field Sobriety Tests including (i) the
Horizontal Gaze Nystagmus, which showed six out of six clues of intoxication;
(ii) Walk and Turn test, which demonstrated six out of eight clues of
intoxication; and (iii) One Leg Stand, which showed three out of four clues of
intoxication; (16) during the field sobriety tests, Officer Arnold and another
officer had to grab or support Hirschman to prevent him from falling to the
ground.

Officer Arnold stated that he had
probable cause to believe that Hirschman was operating a vehicle in a public
place while intoxicated based on (1) Hirschman being found in the driver’s seat
of the truck; (2) Hirschman being in control of the keys to operate the truck;
(3) the truck was involved in an accident with the Pontiac; (4) bystanders
reported that there were no other occupants found in the truck immediately
following the accident; (5) Hirschman had a strong odor of alcoholic beverage
on his breath; (6) Hirschman had slurred speech and glassy bloodshot eyes; and
(7) Hirschman’s performance on the field sobriety tests.[4]

We find that the ALJ record contains
substantial evidence to support the ALJ’s conclusion that Officer Arnold had probable
cause to believe that Hirschman was operating the vehicle while intoxicated and
that Officer Arnold had probable cause to arrest Hirschman.  We find it irrelevant that Officer Arnold did
not actually observe Hirschman operating the truck.  See
Stagg v. Tex.
Dep’t of Pub. Safety, 81 S.W.3d 441, 444 (Tex. App.—Austin 2002, no pet.) (finding
that the Department did not have to prove that Stagg was actually operating the
motor vehicle).  Accordingly, we hold the
county court at law erred in reversing the ALJ’s decision.  We sustain issue three.




CONCLUSION

Having sustained all issues, we
reverse the county court at law’s judgment and render judgment affirming the
ALJ’s order authorizing the Department to suspend Hirschman’s license. 

 

 

 

BILL VANCE

Justice

 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Judgment reversed and rendered

Opinion delivered and filed June 15, 2005

[CV06]











    [1]       Hirschman is referring to the Supreme
Court’s statement that “[m]eager circumstantial evidence from which equally
plausible but opposite inferences may be drawn is speculative and thus legally
insufficient to support a finding.”  Wal-Mart Stores, Inc. v. Gonzalez, 968
S.W.2d 934, 936 (Tex.
1998) (slip and fall case).





    [2]       There are no issues on appeal relating to
the request for a specimen and the refusal to provide a specimen.

 





    [3]       Probable cause exists where the police
have reasonably trustworthy information sufficient to warrant a reasonable
person to believe a particular person has committed or is committing an
offense.  Guzman v. State, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997).





    [4]       Arnold’s
report also indicates that Hirschman was read his statutory warning and was
requested to give a sample of breath or blood, which Hirschman refused to give.