**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Elmo John PRUITT, Appellee.**

**No. 04–01–00481–CV.**

Court of Appeals of Texas,
San Antonio.

April 17, 2002.

Kevin M. Givens, Austin, Sandra Gray, Texas Department Of Public Safety, San Antonio, for Appellant.

Grady L. Roberts, Jr., Law Office Of Grady L. Roberts, Jr., Pearsall, for Appellee.

Sitting: ALMA L. LÓPEZ, Justice, SARAH B. DUNCAN, Justice, and KAREN ANGELINI, Justice.

Opinion by: ALMA L. LÓPEZ, Justice.

This appeal arises from a district court judgment reinstating appellee Elmo Pruitt's driver's license. Appellant, the Texas Department of Public Safety ("TDPS"), appeals the district court's judgment on two grounds. Because we find that there was substantial evidence to support the administrative law judge's findings, we reverse the judgment of the district court.

## BACKGROUND

On December 17, 2000, Atascosa Sheriff's Office dispatched Texas State Trooper Donnie Pacheco to the scene of a rollover accident on FM 2146. Upon arriving, Trooper Pacheco made contact with Pruitt and asked him what happened. Pruitt responded that as he attempted to light his pipe, he went off the road, and lost control. Trooper Pacheco smelled a mild odor of alcohol coming from Pruitt and noticed that his speech was slurred. Trooper Pacheco asked Pruitt to perform a field sobriety test. When Pruitt refused, Trooper Pacheco placed him under arrest, read him the DIC–24 statutory warning, and requested a breath specimen. Once again, Pruitt refused. Trooper Pacheco transported Pruitt to the Atascosa Sheriff's Office where he was booked and jailed.

Pruitt requested a driver's license suspension hearing. On March 8, 2001, a hearing was held before an administrative law judge ("ALJ"). The TDPS offered Trooper Pacheco's report which incorporated the offense report, the DWI inter-

view report, and the DIC–24 statutory warning form. Pruitt offered the TDPS's notice of hearing.[1] In its administrative decision, the ALJ ordered that the TDPS was authorized to suspend Pruitt's driver's license for 90 days pursuant to section 724.035 of the Texas Transportation Code.[2] The ALJ made the following findings:

1) On December 20, 2000, reasonable suspicion to stop [Pruitt] existed, in that while investigating an automobile accident on a public roadway, FM 2146 in Atascosa County, Trooper Pacheco spoke with [Pruitt]. [Pruitt] told the Trooper that when he was driving and trying to light a pipe he went off the road.

2) On the same date, probable cause to arrest [Pruitt] existed, in that probable cause existed to believe that [Pruitt] was operating a motor vehicle in a public place while intoxicated, because in addition to the facts in No. 1: Trooper Pacheco observed [Pruitt] to have a[sic] odor of intoxicants on his breath and slurred speech. [Pruitt] was combative with the Trooper and refused to perform requested field sobriety tasks.

4) [Pruitt] was placed under arrest and was properly asked to submit a specimen of breath or blood, as demonstrated by the Department's statutory warning form;

After being requested to submit a specimen of breath or blood, [Pruitt] refused,

as is demonstrated by the peace officer's signed statement on the warning form[.]

Pruitt appealed to the district court which found that the ALJ's decision was without substantial evidence and reversed the order sustaining Pruitt's license suspension. The TDPS appeals the district court's judgment.

### ADMISSION OF EVIDENCE— TROOPER PACHECO'S REPORT

■ At the administrative hearing, Pruitt objected to the admission of Trooper Pacheco's report on several grounds. The ALJ admitted the report. On appeal before the district court, Pruitt argued that the ALJ erred in admitting Trooper Pacheco's report. The district court subsequently reversed the ALJ's decision but did so on another ground. The TDPS nevertheless argues, "[a]lthough the district court did not specifically address any of these claims, the [TDPS] would point out that none of them presents a valid legal basis to reverse the administrative decision." We review administrative rulings on the admission of evidence under an abuse of discretion standard. *See Tex. Dep't of Pub. Safety v. Mendoza*, 956 S.W.2d 808, 810 (Tex.App.-Houston[14th Dist.] 1997, no pet.).

■ First, Pruitt argued at the administrative hearing that Trooper Pacheco's report was inadmissible because it purportedly dealt with section 106.041 of the

---

1. Pruitt's attorney argued that the TDPS's notice of suspension designated him as a defendant instead of Pruitt; therefore, he argued there was no evidence to prove the TDPS's allegations. The notice, while addressed to Pruitt's attorney, clearly indicates that it is in regards to Pruitt, references Pruitt's driver's license number, and the date of Pruitt's arrest.

2. That section relates to the suspension or denial of a driver's license. In particular,

§ 724.035(a)(1) states: "If a person refuses the request of a peace officer to submit to the taking of a specimen, the department shall ... suspend the person's license to operate a motor vehicle on a public highway for 90 days if the person is 21 years of age or older." *See* TEX. TRANSP. CODE ANN. § 724.035(a)(1) (Vernon 1999) (amended 2001) (current version at TEX TRANSP. CODE ANN. § 724.035(a)(1) (Vernon Supp. 2002)).

Texas Alcoholic Beverage Code which has to do with driving under the influence of alcohol by a minor. Pruitt argued that because he is not a minor, the report was immaterial and irrelevant. *See* Tex.R. Evid. 402. We hold that the report was relevant. The issues at the administrative hearing are whether:

(1) reasonable suspicion or probable cause existed to stop or arrest the person;

(2) probable cause existed to believe that the person was operating a motor vehicle in a public place while intoxicated;

(3) the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and

(4) the person refused to submit to the taking of a specimen on request of the officer.

Tex. Transp. Code Ann. § 724.042(1)-(4) (Vernon 1999) (amended 2001) (current version at Tex. Transp. Code Ann. § 724.042 (Vernon Supp. 2002)). Trooper Pacheco's report contains information that tends to support Pruitt's license suspension by detailing information that establishes each issue set forth above.

■ Next, Pruitt argued that the report was inadmissable because Trooper Pacheco did not submit his report within five days of the date of his arrest as required by section 524.011(b)(2) of the Texas Transportation Code.[3] Although this is true, that section of the Code is merely a directory provision. *See Mendoza,* 956 S.W.2d at 812 (stating, "[g]enerally[,] provisions regulating the duties of public officers and specifying the time for their performance are held to be directory")

(quoting *Tex. Dep't of Pub. Safety v. Dawson,* 360 S.W.2d 860, 862 (Tex.Civ.App.-Dallas 1962, no writ); *see also* Tex. Transp. Code Ann. § 724.032(c) (Vernon Supp. 2002). Therefore, Pacheco's failure to submit the report within five days did not make the report inadmissible. In addition, Pruitt is unable to show that Trooper Pacheco's failure to submit his report as required by the Code prejudiced his substantial rights. *See Mendoza,* 956 S.W.2d at 812. "[A] trial court may reverse only upon finding the ALJ's decision was erroneous *and* that the error prejudiced the substantial rights of the appellant." *Tex. Dep't of Pub. Safety v. Nordin,* 971 S.W.2d 90, 95–96 (Tex.App.-Houston [14th Dist.] 1998, no pet.) (emphasis in original).

■ Pruitt also argued that the report was inadmissible hearsay. However, Trooper Pacheco's report was admissible as a hearsay exception under Rule of Evidence 803(8). *See* Tex.R. Evid. 803(8)(B) & (C); *see also Mendoza,* 956 S.W.2d at 811. The Transportation Code imposes a duty on Trooper Pacheco, a peace officer, to submit a report detailing Pruitt's refusal to submit to a breath specimen. *See* Tex. Transp. Code Ann. § 724.032(a)(4) (Vernon Supp. 2002). Therefore, Trooper Pacheco's report qualifies under the hearsay exception.

■ Finally, Pruitt argued that because Trooper Pacheco's report was not sworn to, it was inadmissible. Trooper Pacheco's report was notarized. However, at the administrative hearing he testified that he did not raise his right hand and swear in front of the notary. The ALJ sustained

---

**3.** We note that Pruitt cites the wrong chapter of the Transportation Code. Chapter 524 pertains to administrative suspension of driver's license for failure to pass a test for intoxication. *See generally* Tex Transp Code Ann.

§ 524 (Vernon 1999 & Supp. 2002). Accordingly, we will refer to Chapter 724 of the Transportation Code which is applicable to this case. *See generally* Tex. Transp. Code Ann. § 724 (Vernon 1999 & Supp. 2002).

Pruitt's objection, but allowed Trooper Pacheco to swear before the court that everything in his report was true and correct. The ALJ subsequently admitted the report. A careful reading of the Code reveals that Trooper Pacheco's report did not need to be sworn. *See id.* ("If a person refuses to submit to the taking of a specimen ... the peace office shall ... make a written report of the refusal to the director of the department").

In summary, the ALJ did not abuse its discretion in admitting Trooper Pacheco's report into evidence. The report was clearly relevant, and the mere fact that Trooper Pacheco submitted it approximately one month after Pruitt's arrest did not violate Pruitt's substantial rights; and even if it did, Pruitt failed to make such a showing. In addition, in a case such as this, where Pruitt refused to submit to the taking of a breath specimen, Trooper Pacheco was not required to submit a "sworn" report but rather only a "written" one. Furthermore, the report was admissible as an exception to the hearsay rule. Therefore, the admission of Trooper Pacheco's report over Pruitt's objections was not an abuse of discretion.

## PROBABLE CAUSE

In its second issue, the TDPS argues that the district court erred in reversing the order sustaining Pruitt's license suspension on the ground that Trooper Pacheco arrested Pruitt pursuant to section 106.041 of the Texas Alcoholic Beverage Code.[4] Pruitt responds, in part, that the district court's judgment was correct be-

cause Trooper Pacheco's report cites section 106.041, therefore, reflecting that Trooper Pacheco was dealing with a minor which requires a "different standard for probable cause to arrest ... than ... any section dealing with probable cause to arrest adults." [5] We hold the district court was in error.

When appealing an administrative order to a trial court, the trial court is required to examine the ALJ's order to determine whether it is reasonably supported by substantial evidence considering the record as a whole. *See* TEX. GOV'T CODE ANN. § 2001.174(2)(E) (Vernon 2000). Substantial evidence means more than a mere scintilla. *See Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999). The trial court may not substitute its judgment for that of the agency, as the ALJ is deemed the ultimate trier of fact. *See* TEX. GOV'T CODE ANN. § 2001.174 (Vernon 2000). In reviewing the agency record, the existence of substantial evidence turns on the question of reasonableness, not its correctness. *See Tex. Dep't of Pub. Safety v. Stacy*, 954 S.W.2d 80, 83 (Tex. App.-San Antonio 1997, no writ). The findings and conclusions of the agency are presumed valid. *Id.* If there is evidence to support either affirmative or negative findings on a specific matter, the administrative decision must be upheld. *Id.; see generally* TEX. GOV'T CODE ANN. § 2001.174 (Vernon 2000). Any evidentiary ambiguities should be resolved in favor of the administrative order with a finding of substantial evidence to support the ALJ's de-

---

4. That section makes it an offense for a minor to "operate[] a motor vehicle in a public place while having any detectable amount of alcohol in the minor's system." *See* TEX. ALCO. BEV.CODE ANN. § 106.041 (Vernon Supp. 2002).

5. We note that Pruitt did not argue this point at the administrative hearing or on appeal before the district court. Instead, he objected to the admissibility of Trooper Pacheco's report on the ground that it was irrelevant because it purportedly dealt with an arrest and request for a breath specimen based on section 106.041 of the Code.

cision. *See R.R. Comm'n of Tex. v. Torch Operating Co.*, 912 S.W.2d 790, 792 (Tex. 1995); *Tex. Health Facilities Comm'n v. Charter Med.-Dallas, Inc.*, 665 S.W.2d 446, 453 (Tex.1984).

▇▇▇▇▇ This court's review of the trial court's determination is undertaken *de novo*. *Tex. Dep't of Pub. Safety v. Cuellar*, 58 S.W.3d 781, 783 (Tex.App.-San Antonio 2001, no pet.). We review questions of law without affording any deference to the trial court's finding. *Id.* at 784.

The Transportation Code provides four issues which the TDPS must establish by a preponderance of the evidence at the administrative hearing. *See* TEX. TRANSP. CODE ANN. § 724.042(1)-(4) (Vernon 1999) (amended 2001) (current version at TEX. TRANSP. CODE ANN. § 724.042 (Vernon Supp. 2002)). The two issues relevant to this case are whether "reasonable suspicion or probable cause existed to stop or arrest the person [and whether] probable cause existed to believe that the person was operating a motor vehicle in a public place while intoxicated." TEX. TRANSP. CODE ANN. § 724.042(1) & (2) (Vernon 1999) (amended 2001) (current version at TEX. TRANSP. CODE ANN. § 724.042(1) & (2) (Vernon Supp. 2002)).

▇▇▇▇ The district court held that because Trooper Pacheco's arrest and request for a breath specimen was purportedly based on section 106.041 of the Transportation Code, the ALJ's decision

was without substantial evidence.[6] However, whether or not Trooper Pacheco based his arrest and request for a breath specimen on section 106.041 of the Code is irrelevant. The Code does not require the TDPS to cite a particular provision of the law that authorizes an arrest but only requires the TDPS to show probable cause existed to stop or arrest the person and to believe that the person was operating a motor vehicle in a public place while intoxicated. *See id.* In short, regardless of whether Trooper Pacheco arrested Pruitt under the belief that he was a minor or an adult does not matter. What does matter is whether there is substantial evidence to show that Trooper Pacheco had probable cause to arrest Pruitt and to believe that Pruitt was operating a motor vehicle in a public place while intoxicated. *See id.*

▇▇▇▇ We review the agency record to determine whether there is substantial evidence to support the ALJ's decision. Trooper Pacheco's report indicates that upon arriving at the scene of the accident he approached Pruitt and asked him what had happened. According to the report, Pruitt advised Trooper Pacheco that he was trying to light his pipe when he went off the roadway and then lost control. Trooper Pacheco's report indicates that during contact, he smelled a "mild" odor of alcohol coming from Pruitt. In addition, the report states that "it was also very noticeable that [Pruitt's] speech was

---

6.  The district court explained at the hearing:

> If this arrest and request to take a breath test had been predicated by the officer's report on his belief that there was probable cause to believe that [Pruitt] was driving while intoxicated a question would be presented as to whether the facts were sufficient to give rise to probable cause. But I'm very much troubled by the fact that he has purported to base his arrest and request that [Pruitt] take a breath test on an alleged violation of 106.041.

> I don't know what happened that caused him to think he was dealing with someone under 21 and to put down a driver's license number and a date of birth that reflected that he was dealing with a person that was under 21, and which are not, in fact, the driver's license number or the date of birth of the defendant in this case. But he did that. And so this entire proceeding purports to be based upon a statute that authorizes the arrest of a minor ...

slurred." Furthermore, at the administrative hearing, Trooper Pacheco testified that he asked Pruitt whether he had been drinking alcoholic beverages to which Pruitt answered in the affirmative. Based on this evidence, we hold there is substantial evidence to support the ALJ's finding that probable cause existed to arrest Pruitt and to believe that Pruitt was operating a motor vehicle on a public roadway while intoxicated.

## CONCLUSION

We reverse the district court's judgment and render judgment upholding the administrative decision suspending Pruitt's driver's license.