**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Dorcas FRIEDEL, Appellee.**

No. 09–02–200–CV.

Court of Appeals of Texas, Beaumont.

Submitted June 23, 2003.

Decided July 31, 2003.

Kevin M. Givens, Supervisor, ALR Appellate Section, Austin, for Appellant.

Jose E. Mata, Conroe, for appellee.

Before McKEITHEN, C.J., BURGESS and DAVID B. GAULTNEY, JJ.

## OPINION

DAVID B. GAULTNEY, Justice.

This is an appeal from the trial court's overruling of an administrative law judge's decision in a driver's license suspension case. Dorcas Friedel's attorney did not appear at the license suspension hearing, and the administrative law judge (ALJ) entered a default order authorizing the Texas Department of Public Safety (Department) to suspend Friedel's license. The ALJ denied Friedel's motion to set aside the default order, and Friedel appealed the ruling to the county court at law. Finding that the ALJ's decision was not supported by substantial evidence, the trial court remanded the case for a hearing on the merits, denied the Department's motion for new trial, granted sanctions against the Department, and ordered the

Department to pay Friedel's attorney's fees.

## JURISDICTIONAL CHALLENGE

■ Friedel argues this Court does not have jurisdiction. She characterizes the decision of the county court at law as an order granting a new trial and argues there can be no appeal from that order. Pursuant to statute and the Texas Administrative Code, Friedel's petition in the county court at law is not a motion for new trial, but an appeal from the decision of an administrative law judge. *See* TEX. GOV'T CODE ANN. §§ 2001.171–2001.176 (Vernon 2000); TEX. TRANSP. CODE ANN. § 524.041 (Vernon 1999); 1 TEX. ADMIN. CODE § 159.33 (2003). The decision of the trial court is appealable to this Court. *See Texas Dep't of Pub. Safety v. Barlow*, 48 S.W.3d 174, 176 (Tex.2001). We overrule the jurisdictional challenge.

## STANDARD OF REVIEW

■ When an administrative order is appealed to the county court at law, the court must examine the ALJ's order to determine whether it is reasonably supported by substantial evidence. *See* TEX. GOV'T CODE ANN. § 2001.174 (Vernon 2000); *Texas Dep't of Pub. Safety v. Pruitt*, 75 S.W.3d 634, 639 (Tex.App.-San Antonio 2002, no pet.). We review the agency record to determine whether there is substantial evidence to support the ALJ's decision; we review the determination by the county court at law *de novo*. *Id.* at 640. *See* TEX. GOV'T CODE ANN. § 2001.174 (Vernon 2000); TEX. TRANSP. CODE ANN. 524.002 (Vernon 1999); 1 TEX. ADMIN. CODE § 159.37 (2003).

A court may reverse the determination of an administrative law judge under certain circumstances as provided by statute, as follows:

[A] court may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion but:

(1) may affirm the agency decision in whole or in part; and

(2) shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(A) in violation of a constitutional or statutory provision;

(B) in excess of the agency's statutory authority;

(C) made through unlawful procedure;

(D) affected by other error of law;

(E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

(F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

TEX. GOV'T CODE ANN. § 2001.174 (Vernon 2000). Friedel's substantial rights were affected by an order authorizing license suspension without a hearing on the merits. We consider in this appeal whether the administrative findings and decision are not supported by substantial evidence, or are affected by error of law.

## THE DEFAULT ORDER AND GOOD CAUSE

The Administrative Code provides that to set aside a default order in an administrative law hearing, the defendant must show good cause for "failing to appear and notify the [State Office of Administrative Hearings] in advance of the hearing...." *See* 1 TEX. ADMIN. CODE §§ 159.1(a), 159.27(b) (2003). The Department argues Friedel did not show good cause. Section 159.27(b) does not define good cause. In other contexts—withdrawal of deemed ad-

missions and a motion for leave to file a late summary judgment response—the Texas Supreme Court has held a requirement of "good cause" is satisfied by a showing that the failure to answer or respond was the result of a mistake, rather than being intentional or the result of conscious indifference, and that the other party will not be prejudiced. *See Carpenter v. Cimarron Hydrocarbons Corp.,* 98 S.W.3d 682, 687 (Tex.2002); *see also Stelly v. Papania,* 927 S.W.2d 620, 622 (Tex.1996). However, in reviewing an agency's default order, the Austin court of appeals has applied the full *Craddock* test for setting aside default judgments. *See Anderson v. Railroad Comm'n of Texas,* 963 S.W.2d 217, 218–19 (Tex.App.-Austin 1998, pet. denied); *see Craddock v. Sunshine Bus Lines,* Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (1939). In *Anderson,* the Austin court stated:

> Applying the *Craddock* test to the agency context, a rehearing may be granted (1) if the failure to answer in the first hearing was neither intentional nor the result of conscious indifference, but was due rather to accident or mistake; (2) if the party against whom the default order is issued presents a meritorious defense; and (3) if a rehearing will not work any injury to the agency or its mission.

*Anderson,* 963 S.W.2d at 219 (citation omitted).

The *Carpenter* test for good cause is essentially the first and third elements of the *Craddock* test. The *Craddock* test was adopted by the Texas Supreme Court to apply "when the defaulting party has no other remedy available." *Carpenter,* 98 S.W.3d at 686. In *Carpenter,* the Supreme Court stated that when the rules provide the defaulting party a remedy, *Craddock* does not apply. *Id.* Here, the Administrative Code provides a procedure for setting aside the default order: a motion for rehearing grounded on good cause.

■ In *Carpenter,* the Supreme Court set forth a test for good cause, a procedural rule requirement in that case, in the context of a request for leave to file a late summary judgment response. *Carpenter,* 98 S.W.3d at 688. The Supreme Court did not decide in *Carpenter* whether the *Craddock* test should apply when a nonmovant discovers its mistake after judgment is rendered. And the Court noted a more stringent definition of good cause applies in a non-disclosure of evidence context, for example. *Id.* at 687. Nevertheless, we believe that the *Carpenter* test for good cause should be applied to a timely filed motion for rehearing of an administrative law judge's default order. A default order of an administrative agency disposes of an issue without regard to the underlying merits. We believe the *Carpenter* test "fairly balances the parties' interests." *Id.* If the agency or its mission is not injured by setting aside the default order, and if the default was due to accident or mistake, an administrative law judge should set aside a default order and decide the case on its merits.

### THE FACTS

■ Friedel's attorney acknowledged he had notice of the license suspension hearing to be held on October 11, 2001, at 8:30 a.m. The ALJ's order denying Friedel's motion to dismiss states the attorney could have been present for the 8:30 a.m. hearing, since his other commitment did not begin until 9 a.m. At the October 25 hearing on his effort to set aside the default order, the attorney explained why he did not call the ALJ or appear at the hearing on the driver's license suspension: "I tried to get in here at 8:30. I had to meet with some clients. I got court-appointed on a case over there, as well, which set me with

a client I did not even expect to be dealing with at the time ... [T]ypically, court runs until about lunch hour, and I got over here at 10:50 and everyone was gone." The testimony at the ALJ's hearing reveals Friedel's attorney's conduct was a mistake, and not the result of conscious indifference or an intent to delay or inconvenience the administrative law proceeding. There is no evidence the Department or its mission will be injured if the default order is set aside and the case is determined on its merits. We conclude the record does not demonstrate a reasonable basis for the ALJ's refusal to set aside the default order. *See Ford Motor Co. v. Motor Vehicle Bd. of Texas Dep't of Transp.*, 21 S.W.3d 744, 756 (Tex.App.-Austin 2000, pet. denied). We overrule the Department's first issue.

### THE TRIAL COURT'S SANCTIONS

In issue two the Department correctly argues the trial court erred in ruling that the Department's motion for new trial was frivolous, and in assessing attorney's fees against the Department as a sanction. Friedel argues the Department waived any objection to the sanctions and the attorney's fee award, because it failed to object. But the Department filed a motion to vacate the trial court's judgment. By specifically challenging the trial court's "frivolous" finding and by asking the trial court to vacate the attorney's fee award, the Department preserved the issue below.

The Department's motion for new trial was not frivolous or groundless under TEX.R. CIV. P. 13 or Chapter 10 of the Texas Civil Practices and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN.

§ 10.001 (Vernon 2002). Under Rule 13, "groundless" means "no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law." Under section 10.001, a pleading is frivolous if the pleading is presented for an improper purpose, unwarranted by existing law, and without evidentiary support. The record does not demonstrate any of these factors, and there is no showing the motion was filed in bad faith. Whether Friedel's attorney demonstrated good cause was a contested issue, both in law and in fact. Issue two is sustained. Having sustained issue two, we need not address issue three.

### CONCLUSION

We affirm the trial court's judgment that the ALJ erred in failing to set aside the default order. However, we reverse the trial court's sanctions order against the Department and render judgment that the Department is not liable for Friedel's attorney's fees.

**AFFIRMED IN PART; REVERSED AND RENDERED IN PART.**

**DON BURGESS**, Justice, concurring and dissenting.

I concur with the reversal, but dissent to the rendition. I would affirm the awarding of attorney's fees. The trial judge is in the best position to gauge the positions of the parties and their attorneys. The sanction was for the motion for new trial and its hearing. Simply because a party has the right to file a motion for new trial does not mean a trial judge may not find the filing to be frivolous.[1] I do not believe the

---

1. Furthermore, a party has the right to appeal, yet the appeal may be frivolous. Indeed, one might, from a pragmatic view, conclude this appeal meets that criteria. The point of the litigation was to suspend Friedel's

driving privileges based on the failure to take an alcohol concentration test. Judge Martin's judgment was signed on March 18, 2002, and that judgment stayed the suspension of Friedel's license. Had the DPS accepted that

trial judge abused his discretion and would affirm the court's judgment in its entirety.

judgment, surely the State Office of Administrative Hearing could have reheard the matter long before this appeal could have been accomplished. Was the motion for new trial and this appeal the best utilization of the scarce resources the Legislature affords state agencies and courts? This writer thinks not!