# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00836-CV

**Texas Department of Public Safety, Appellant**

**v.**

**Kevin Ray Gandy, Appellee**

### FROM THE COUNTY COURT AT LAW OF COMAL COUNTY
### NO. 2005CV0470, HONORABLE BRENDA CHAPMAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The Texas Department of Public Safety appeals the county court at law's reversal of an administrative decision authorizing the suspension of Kevin Ray Gandy's driver's license. *See* Tex. Transp. Code Ann. § 524.041 (West 1999). Because we find that substantial evidence exists in the administrative record to support the license suspension, we reverse and render judgment affirming the administrative law judge's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 15, 2005, at 5:40 p.m., Department of Public Safety trooper Vance Weltner observed Gandy driving a van in Comal County, Texas, with an expired license plate registration. During a traffic stop of the vehicle, Weltner noticed an odor of alcohol on Gandy's breath and that Gandy's eyes were bloodshot. Weltner administered the standardized field sobriety tests and observed all six points on the horizontal gaze nystagmus test, as well as Gandy's inability to balance

or follow directions. Gandy admitted to drinking, and Weltner found a cold can of beer with condensation on it in the car. Weltner arrested Gandy and requested a breath test. Gandy consented, producing blood-alcohol concentrations of 0.111 and 0.112, both of which are greater than the legal limit of 0.08 for driving. *See* Tex. Pen. Code Ann. §§ 49.04 (prohibiting driving while intoxicated), .01(2) (defining "intoxicated") (West 2003).

The Department suspended Gandy's driver's license for failing the breath test. Gandy requested a hearing to challenge the suspension, and the State Office of Administrative Hearings held the hearing on August 15, 2005. The Department offered four documents into evidence: (1) Weltner's sworn report, (2) the technical supervisor's affidavit certifying the breath test results, (3) a printout of the breath test machine's results, and (4) a copy of Gandy's driving record. The ALJ admitted each item over Gandy's objections. Gandy offered no evidence of his own.

Gandy's objections centered on defects in Weltner's sworn report, which was a pre-printed Department form with checkboxes and blanks filled in by Weltner and notarized. Specifically, Gandy objected to the admission of Weltner's report because the trooper failed to write his and Gandy's names in the introductory portion to show the subject of the sworn report; he incorporated his offense report, but failed to input its number of pages; and he failed to check a box to note whether Gandy had provided a breath or blood specimen. Gandy argued that because of the defects the ALJ should not admit the Department's other evidence.

The ALJ sustained the Department's suspension of Gandy's driver's license, and Gandy appealed to the Comal County Court at Law. The county court reversed the ALJ's decision, citing lack of substantial evidence, and this appeal followed.

ANALYSIS

In two issues, the Department argues that the county court erred because the ALJ acted within his discretion by admitting the Department's evidence, and the ALJ's decision was supported by substantial evidence.

### *Admission of Weltner's sworn report*

We review an agency's rulings on the admission or exclusion of evidence under the abuse of discretion standard we apply to trial courts. *City of Amarillo v. Railroad Comm'n*, 894 S.W.2d 491, 495 (Tex. App.—Austin 1995, writ denied). A court abuses its discretion if it acts without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

In his appeal to the county court, Gandy argued that improperly admitted evidence was the "sole basis for the ALJ's findings, inferences, and/or decisions." Gandy's evidentiary objections in the administrative hearing centered on the omissions in Weltner's sworn report. The report states that it incorporates a document titled C05-06-1535 and a statutory warning labeled DIC-24. Attached to the sworn report are a three-page offense report with C05-06-1535 on each page, a DIC-24 statutory warning form signed by Gandy, and a DWI interview form identifying Weltner as Gandy's interviewer.

We measure the sufficiency of an affidavit by whether the averments contained in it are direct and unequivocal and whether perjury can be assigned upon it. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *Burke v. Satterfield*, 525 S.W.2d 950, 955 (Tex. 1975). Mere clerical omissions which do not obscure meaning will not invalidate an affidavit. *Minyard v. Southern Pipe*

3

*& Supply Co.*, 563 S.W.2d 332, 333 (Tex. App.—Dallas 1978, writ ref'd) (affiant's name not inserted into blank in affidavit's introduction). Courts must view sworn affidavits of law enforcement officers in a commonsense, not hypertechnical, fashion. *Hesskew v. Texas Dep't of Pub. Safety*, 144 S.W.3d 189, 192 (Tex. App.—Tyler 2004, no pet.); *see United States v. Ventresca*, 380 U.S. 102, 109 (1965) ("[C]ourts should not invalidate the [search] warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner."). Our sister court has found that certain defects in an officer's sworn report do not preclude admission of the report into evidence. *See Texas Dep't of Pub. Safety v. Pruitt*, 75 S.W.3d 634, 637-38 (Tex. App.—San Antonio 2002, no pet.) (sworn report cited incorrect statute); *see also Ramos v. Texas Dep't of Pub. Safety*, No. 04-05-00389-CV, 2006 Tex. App. LEXIS 1583, at *5-8 (Tex. App.—San Antonio Mar. 1, 2006, no pet.) (mem. op) (sworn report listed incorrect number of pages and some attachments did not name arrestee); *Texas Dep't of Pub. Safety v. Salinas*, No. 04-03-00578-CV, 2004 Tex. App. LEXIS 4257, at *4-5 (Tex. App.—San Antonio May 12, 2004, no pet.) (mem. op.) (officer name omitted from introductory portion of sworn report).

Even without considering the DWI interview, which was not incorporated by reference into the sworn report, it is clear that Weltner's sworn report refers to Gandy. The incorporated offense report includes Gandy's name, lists Weltner as the investigating officer, and recounts the date, time, and details of Gandy's arrest. The statutory warning includes Gandy's name, driver's license number, and date of birth. It is signed by Weltner, Gandy's arresting officer, and includes the date, time, and county of Gandy's arrest. The averments in the sworn report as a whole are direct and unequivocal, and any procedural irregularities go to the weight of the evidence, not

4

its admissibility. *See Adams v. State*, 985 S.W.2d 582, 584 (Tex. App.—Eastland 1998, pet. ref'd). Therefore, we conclude that the ALJ did not abuse his discretion in considering the report.

### *Substantial evidence*

Courts review administrative license suspension decisions under the substantial evidence standard. *Mireles v. Texas Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999); *see* Tex. Transp. Code Ann. §§ 524.041, .043 (West 1999); Tex. Gov't Code Ann. § 2001.174 (West 2000). A court applying the substantial evidence standard of review may not substitute its judgment for that of the agency on questions committed to the agency's discretion. Tex. Gov't Code Ann. § 2001.174. The issue for the reviewing court is not whether the agency's decision was correct, but only whether the record demonstrates some reasonable basis for the agency's action. *Mireles*, 9 S.W.3d at 131. Courts must affirm administrative findings in contested cases if there is more than a scintilla of evidence to support them. *Id.* Any evidentiary ambiguities should be resolved in favor of the administrative order with a finding of substantial evidence to support the ALJ's decision. *Pruitt*, 75 S.W.3d at 639. Our review of the county court's determination is *de novo*. *See id.* at 640.

At the administrative hearing, the Department was required to prove by a preponderance of the evidence that: (1) Gandy had a blood-alcohol concentration of 0.08 or greater while operating a motor vehicle in a public place, and (2) the officer had reasonable suspicion to stop or probable cause to arrest Gandy. *See* Tex. Transp. Code Ann. § 524.035(a) (West Supp. 2006).

The offense report incorporated in Weltner's affidavit, the technical supervisor's affidavit, and the printout of the breath test machine's results each showed breath test results of 0.111 and 0.112. The test results were more than a scintilla of evidence to support the ALJ's finding

that Gandy had a blood-alcohol concentration of 0.08 or more. *See Mireles*, 9 S.W.3d at 132. The decision to stop an automobile is reasonable where a police officer has probable cause to believe a traffic violation has occurred. *Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000). The offense report states that Weltner stopped Gandy for an expired license plate registration, which is a traffic violation, so there was more than a scintilla of evidence showing reasonable suspicion for the stop. *See* Tex. Transp. Code Ann. § 502.402 (West 1999). Substantial evidence, therefore, existed in the record to support the ALJ's determination that the Department proved both required elements.

## CONCLUSION

Because we conclude that the ALJ did not abuse his discretion by admitting the Department's evidence and that there is substantial evidence in the record to support the ALJ's decision authorizing suspension of Gandy's driver's license, we reverse and render judgment affirming the ALJ's decision, and allow the recovery of filing fees pursuant to section 8.02 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 8.02 (West 2002).

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Reversed and Rendered

Filed: October 4, 2006