# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

<hr>

## NO. 03-08-00659-CV

<hr>

### Texas Department of Public Safety, Appellant

### v.

### Stephen Joseph Caruana, Appellee

<hr>

### FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY
### NO. 12,077-C, HONORABLE HOWARD S. WARNER, II, JUDGE PRESIDING

<hr>

## M E M O R A N D U M   O P I N I O N

The Texas Department of Public Safety ("the Department") appeals from the trial court's order reversing the administrative suspension of appellee Stephen Caruana's driver's license. The Department argues that the trial court erred in reversing the suspension because the arresting officer's unsworn incident report should have been considered admissible as evidence. We affirm the judgment of the trial court.

## BACKGROUND

On December 30, 2007, Department Trooper Eric Flores pulled Caruana over in a routine traffic stop. During the stop, Flores came to the conclusion that Caruana was intoxicated, and requested a breath specimen for blood-alcohol testing. Caruana complied with the request, providing specimens that reflected blood-alcohol concentrations of 0.163 and 0.157, above the legal

limit. *See* Tex. Penal Code Ann. § 49.01(2)(B) (West 2003) (defining "intoxicated" as "having an alcohol concentration of 0.08 or more").

Based on Caruana's failure of the blood-alcohol concentration test, the Department suspended his license pursuant to transportation code section 524.012. *See* Tex. Transp. Code Ann. § 524.012(b)(1) (West Supp. 2009) ("The [D]epartment shall suspend the person's driver's license if the [D]epartment determines that . . . the person had an alcohol concentration of a level specified by Section 49.01(2)(B), Penal Code, while operating a motor vehicle in a public place."). Caruana then requested an administrative hearing to contest his license suspension. *See id.* § 524.031 (West 2007). At this hearing, the Department entered Flores's incident report into evidence over Caruana's objection that the report was unsworn and therefore inadmissible. Flores, called as a witness by the Department, conceded that no oath had been administered and that his report was unsworn, but testified that to the best of his knowledge, everything in his report was true and correct. The Department elicited no additional testimony to establish that Flores had reasonable suspicion to detain Caruana or probable cause to arrest him. Following the hearing, the administrative law judge (ALJ) affirmed the suspension of Caruana's license.

Caruana appealed the ALJ's decision to county court, where he argued that the ALJ erred in admitting Flores's unsworn report into evidence. After a hearing, the county court reversed the decision of the ALJ and ordered that Caruana's license be reinstated. This appeal followed.

**STANDARD OF REVIEW**

Administrative license-suspension cases are reviewed using a substantial-evidence standard. *See* Tex. Transp. Code Ann. § 524.002(b) (West 2007), § 724.047 (West 1999);

Tex. Gov't Code Ann. § 2001.174 (West 2008); *see also Texas Dep't of Pub. Safety v. Varme*, 262 S.W.3d 34, 38 (Tex. App.—Houston [1st Dist.] 2008, no pet.) ("Whether in the trial court or this Court, the substantial evidence standard governs review of administrative decisions in driver's license suspension cases."). Under substantial-evidence review, an administrative decision may not be reversed unless substantial rights of the appellant have been prejudiced because the decision is:

> (A) in violation of a constitutional or statutory provision;
>
> (B) in excess of the agency's statutory authority;
>
> (C) made through unlawful procedure;
>
> (D) affected by other error of law;
>
> (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or
>
> (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Tex. Gov't Code Ann. § 2001.174(2).

We review rulings on the admission or exclusion of evidence at the administrative level under the abuse-of-discretion standard applied to trial courts. *City of Amarillo v. Railroad Comm'n*, 894 S.W.2d 491, 495 (Tex. App.—Austin 1995, writ denied). A court abuses its discretion if it acts without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). A court has no discretion to apply the law incorrectly. *In re Poly-America, L.P.*, 262 S.W.3d 337, 349 (Tex. 2008).

3

**DISCUSSION**

In its first issue on appeal, the Department argues that the trial court erred in reversing the administrative decision because Flores's unsworn report should have been considered admissible as a public record. In its second issue, the Department argues in the alternative that Flores's report became admissible as a sworn report when he swore to the truth of it during his testimony. The Department raises a third issue, arguing that there was no basis to reverse the administrative decision if the report was properly admitted into evidence, but concedes that this issue need not be addressed unless we reverse the trial court's decision based on one of the first two issues.

*Admissibility of an Unsworn Report*

License-suspension proceedings based on a person's failure of blood or breath testing for intoxication are governed by chapter 524 of the transportation code. *See* Tex. Transp. Code Ann. §§ 524.001-.051 (West 2007 & Supp. 2009) (chapter entitled "Administrative Suspension of Driver's License for Failure to Pass Test for Intoxication"). Under section 524.011, an arresting officer who obtains a breath specimen indicating that an individual is over the legal limit for intoxication must "send to the [D]epartment not later than the fifth business day after the date of the arrest . . . a sworn report of information relevant to the arrest." *Id.* § 524.011(b)(4)(D). The sworn report required by section 524.011(b)(4)(D) must be made "on a form approved by the [D]epartment and in the manner specified by the [D]epartment." *Id.* § 524.011(d). In addition, the Department regulations specify that officer reports subject to chapter 524 must "be sworn to by the arresting officer." 37 Tex. Admin. Code § 17.4(2) (2009) (Tex. Dep't of Pub. Safety, ALR Reports).

4

At the time the administrative hearing in this case was held, the State Office of Administrative Hearings (SOAH) rules regarding license-suspension proceedings provided that "[a]n officer's sworn report of relevant information shall be admissible as a public record." 1 Tex. Admin. Code § 159.23(c)(7) (2008) (State Office of Admin. Hearings, Hearing), *repealed by* 34 Tex. Reg. 329 (2009).[1] The rule further states that if "the defendant timely subpoenas the officer and the officer does not appear at the scheduled hearing, the officer's report shall not be admissible." *Id.*

In the present case, Flores conceded in his testimony that his report was not sworn as required by transportation code section 524.011(b)(4)(D) and Department Rule 17.4. The Department argues, however, that the report need not be sworn in order to be admitted into evidence because it is admissible under the public-record exception to the hearsay rule. *See* Tex. R. Evid. 803(8) (providing for admissibility of "records, reports, statements, or data compilations, in any form, of public offices or agencies setting forth," among other things, "matters observed pursuant to duty imposed by law as to which matters there was a duty to report"); *see also* 1 Tex. Admin. Code § 159.23(b) (2008) (providing that rules of evidence applicable to non-jury civil trials apply to administrative license-suspension proceedings). The Department further argues that the term "sworn report" in Rule 159.23(c)(7) is merely a term of art and does not in fact mean that the report must be sworn in order to be admissible as a public record.

---

[1] SOAH updated and reorganized its administrative rules regarding license-suspension proceedings on January 16, 2009. *See* 34 Tex. Reg. 329 (2009). No substantive changes were made regarding the admissibility of a sworn report. *See* 1 Tex. Admin. Code § 159.211(c)(2) (2009) (State Office of Admin. Hearings, Hearings). Because Caruana's administrative and county court proceedings were conducted in 2008, all references to the SOAH rules in this opinion will be to the rules as they existed at that time.

Of significance to this appeal, there are two types of administrative license-suspension proceedings, governed by two separate statutory schemes. Chapter 724 of the transportation code governs those proceedings that result from an individual's refusal to provide a blood or breath specimen for blood-alcohol concentration testing. *See id.* §§ 724.031-.064 (West 1999 & Supp. 2009). Chapter 524, on the other hand, governs proceedings like the present case, where the individual provided a breath or blood specimen but subsequently failed the test. *Compare id.* (governing refusal cases), *with id.* §§ 524.001-.051 (governing failure cases). While both statutory schemes require an arresting officer to provide the Department with an incident report, the language used to describe the required report differs in a significant way. An officer in a refusal case is required to "make a *written report* of the refusal to the director of the [D]epartment," *id.* § 724.032(a)(4) (emphasis added), while an officer in a failure case must provide the Department with "a *sworn report* of information relevant to the arrest," *id.* § 524.011(b)(4)(D) (emphasis added). *See also* 37 Tex. Admin. Code § 17.4 (requiring officers in refusal cases to simply submit report, but requiring officers in failure cases to submit report that is "sworn to by the arresting officer").

In *Texas Department of Public Safety v. Pruitt*, 75 S.W.3d 634, 638-39 (Tex. App.—San Antonio 2002, no pet.), the San Antonio Court of Appeals relied on the distinction between the sworn report required in a failure case and the written report required in a refusal case to determine that a report in a refusal case need not be sworn in order to be admissible. Specifically, the court stated, "[I]n a case such as this, where Pruitt refused to submit to the taking of a breath specimen, Trooper Pacheco was not required to submit a 'sworn' report but rather only a 'written' one." *Id.* at 639. On that basis, the court held that the ALJ did not abuse its discretion in admitting

6

the officer's unsworn report into evidence. *Id.* The implication of this holding is that an officer's report in a failure case, where the statutory language specifically requires a "sworn report," as opposed to merely a written one, must be properly sworn in order to be admissible.

We agree with the reasoning of *Pruitt*. Where the legislature requires an arresting officer to provide a "sworn report," and where SOAH's rules specifically provide that this "sworn report" is admissible as a public record, we hold that an unsworn report cannot also be admissible as a public record. *See* Tex. Transp. Code Ann. § 524.011(b)(4)(D); 1 Tex. Admin. Code § 159.23(c)(7) (2008). To hold otherwise would require us to interpret the term "sworn report" in Rule 159.23(c)(7) to mean both sworn and unsworn reports, an interpretation that is clearly contrary to the plain language of the rule. *See Rodriguez v. Service Lloyds Ins. Co.*, 997 S.W.2d 248, 254 (Tex. 1999) ("Unless the rule is ambiguous, we follow the rule's clear language.").

While the Department urges that the transportation code and SOAH rules have no effect on an unsworn report's admissibility as a public record under Texas Rule of Evidence 803(8), we disagree. Texas Rule of Evidence 101(b) provides that the rules of evidence apply "[e]xcept as otherwise provided by statute." Tex. R. Evid. 101(b). Furthermore, it is a fundamental rule of statutory construction that where general provisions conflict with specific provisions, the specific provision prevails as an exception to the general provision. Tex. Gov't Code Ann. § 311.026 (West 2005). Here, the requirements of the transportation code, the Department's own rules, and SOAH's rule regarding the admissibility of sworn reports in license-suspension proceedings control over the more general rule of evidence allowing public records to be admitted as a hearsay exception. In addition, the application of Texas Rule of Evidence 803(8) to all officer reports in license-

7

suspension proceedings under transportation code chapter 524 would render the language of Rule 159.23(c)(7) meaningless, as it would not be necessary to specify that the statutorily required sworn report is admissible as a public record if all reports, whether sworn or not, are admissible as public records under the rules of evidence. *See R.K. v. Ramirez*, 887 S.W.2d 836, 842 (Tex. 1994) ("We should not interpret a rule in such a way that renders its language meaningless.").

In light of the statutory requirement that an officer provide a sworn report in a license-suspension proceeding based on test failure, and the SOAH rule specifically stating that such a sworn report is admissible as a public record, we hold that Flores's unsworn report was not admissible as a public record. The Department's first issue on appeal is overruled.

*Flores's Testimony*

In its second issue on appeal, the Department argues that even if an unsworn report is not admissible as a public record, Flores's unsworn report became a sworn report when he testified at the administrative hearing that the contents of his report were true and correct.

During the administrative hearing, the Department elicited the following testimony from Flores:

> Q:     Trooper, is everything in your report true and correct?
>
> A:     Yes, sir, to the best of my knowledge.

Flores provided no testimony describing the contents of the report, his reasonable suspicion for stopping Caruana, or his probable cause for arrest.

8

According to the Department, the testimony quoted above is sufficient to consider Flores's report to be properly sworn. However, even if we were to assume that an officer could "cure" an unsworn report by testifying to its truth and accuracy on the day of the hearing and therefore make it admissible under SOAH Rule 159.23(c)(7), the Department would then be attempting to introduce new evidence at the hearing that was not produced in discovery. SOAH Rule 159.13(1) states that, assuming a proper discovery request was filed, "no document, in the [D]epartment's actual possession, will be admissible unless it was provided to the defendant within five business days of [the] [D]epartment's receipt of the request for production." 1 Tex. Admin. Code § 159.13(1) (2008). Therefore, even if the Department was permitted to transform an unsworn report into a sworn report in the middle of a hearing, the new sworn report would not be admissible. In any event, we cannot interpret the statutes and rules at issue here in a manner that would allow the Department to circumvent the requirements of the transportation code, the rules governing license-suspension proceedings in SOAH, and the Department's own rules by submitting an unsworn report and later testifying regarding its truth and accuracy at the administrative hearing. *See* Tex. Transp. Code Ann. § 524.011(b)(4)(D) (requiring officer to provide sworn report); 1 Tex. Admin. Code § 159.23(c)(7) (2008) (allowing for admissibility of sworn reports); 37 Tex. Admin. Code § 17.4(2) (stating that reports in failure cases "shall be sworn to by the arresting officer"). We hold that Flores's testimony was insufficient to render his report properly sworn as required by statute. The Department's second issue on appeal is overruled.

As previously discussed, Flores's unsworn report was not admissible. Because his testimony at the administrative hearing was limited to the truth and accuracy of a document not in

9

evidence, his testimony essentially constituted no evidence. As such, the Department presented no evidence that there was reasonable suspicion to stop Caruana or probable cause to arrest him. *See* Tex. Transp. Code Ann. § 524.035 (providing that "reasonable suspicion to stop or probable cause to arrest the person" must be proved by preponderance of evidence at administrative hearing in order to sustain license suspension). On that basis, we hold that the trial court did not err in reversing the administrative decision suspending Caruana's license.

*Alternative Bases for Reversal*

Because we hold that Flores's report was not admissible, we need not reach the Department's third issue, in which it argues that there was no basis for reversal of the administrative decision if Flores's report was properly admitted into evidence.

## CONCLUSION

We affirm the trial court's order reversing the administrative decision and reinstating Caruana's driver's license.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Waldrop and Henson;
  Dissenting Opinion by Chief Justice Jones

Affirmed

Filed:  February 12, 2010

10