**Cory Deon ADAMS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–97–00207–CR.**

Court of Appeals of Texas, Eastland.

Dec. 31, 1998.

Discretionary Review Refused May 12, 1999.

Michael E. Fouts, Scarborough, Tarpley & Fouts, Abilene, for appellant.

James Eidson, Kollin Shadle, Abilene, for appellee.

Panel consists of ARNOT, C.J., DICKENSON, J., and WRIGHT, J.

OPINION

W.G. ARNOT, III, Chief Justice.

A jury convicted Cory Deon Adams of "recklessly causing serious bodily injury to [a] child." [1] The jury assessed punishment at 7 years confinement and a $5,000 fine. [2] Adams appeals, asserting in his sole point of error that the trial court erred in admitting medical records under a business records

---

1. TEX. PENAL CODE ANN. § 22.04 (Vernon 1994 & Supp.1999) defines the offense and provides that it is a second degree felony.

2. TEX. PENAL CODE ANN. § 12.33 (Vernon 1994) provides that a person convicted of a second degree felony shall be punished by imprisonment for any term of not more than 20 years nor less than 2 years. In addition, a fine not to exceed $10,000 may also be imposed.

affidavit because the affidavit was false and unreliable.

During its case in chief, the State offered medical records pertaining to the injuries and treatment of the child. A separate business records affidavit accompanied each set of medical records for self-authentication purposes.[3] TEX.R.CRIM.EVID. 902(10). Appellant objected to the admission of the records on the ground that the affidavits were defective, making them unreliable. Both affidavits misstated the number of pages in each exhibit: State's Exhibit No. 4's affidavit certified 28 pages but actually contained 30 pages, while State's Exhibit No. 5's affidavit certified 220 pages but actually contained 218 pages. The record does not contain any other evidence as to why the records were unreliable. The trial court overruled appellant's objection.

■■■ A trial court has broad discretion in determining the admissibility of the evidence. *Allridge v. State*, 850 S.W.2d 471 (Tex.Cr. App.1991). An appellate court should not reverse the trial court's ruling unless a clear abuse of discretion is shown. *Williams v. State*, 535 S.W.2d 637 (Tex.Cr.App.1976); *Spencer v. State*, 466 S.W.2d 749 (Tex.Cr. App.1971). An abuse of discretion occurs when the trial court acts without reference to any guiding rules or principles or acts arbitrarily or unreasonably. *Montgomery v. State*, 810 S.W.2d 372 (Tex.Cr.App.1991).

Rule 902(10) allows for self-authentication of certain business records and copies of business records. The rule covers only those records that would be admissible under the business records exception. TEX.R.CRIM. EVID. 803(6) sets out the predicate for such records.[4] In addition to the predicate, Rule 803(6) authorizes the trial court to exclude a business record if the source of the information or the method or circumstances of its preparation indicate an absence of trustwor-

thiness. Appellant does not complain that the predicate was not properly established under Rule 803(6). His point of error only concerns the trustworthiness of the affidavit which he argues renders the medical records unreliable.

■ We find no Texas criminal case discussing the trial court's discretion to admit records under comparable circumstances. The Texas Rules of Criminal Evidence are patterned after the Federal Rules of Criminal Evidence, and cases interpreting federal rules should be consulted for guidance as to their scope and applicability unless the Texas rule departs from the federal rule. *Cole v. State*, 839 S.W.2d 798 (Tex.Cr.App.1990). Rule 803(6) is worded almost identically to its federal counterpart, FED.R.CRIM.EVID. 803(6).

In *United States v. Hathaway*, 798 F.2d 902 (6th Cir.1986), the defendant was convicted of multiple counts of mail and wire fraud. On appeal, the defendant argued that the district court erred when it admitted his business records under the business records exception because the records were untrustworthy and inaccurate. *United States v. Hathaway*, supra at 905. The Sixth Circuit held that the fact that records were missing or unavailable did not establish a clear abuse of discretion in the trial court's finding that the records were trustworthy. Instead, the court noted that it was an argument which should go to the weight of the evidence not the admissibility. *United States v. Hathaway*, supra at 907. In reliance on *Wallace Motor Sales, Inc. v. American Motors Sales Corporation*, 780 F.2d 1049 (1st Cir.1985), and *United States v. Panza*, 750 F.2d 1141 (2nd Cir.1984), the Sixth Circuit stated that "[o]nce a foundation is laid, in the absence of specific and credible evidence of untrustworthiness, the proper approach is to admit the evidence and permit the jury to determine

---

3. State's Exhibit No. 4 contained 30 pages of medical records from Abilene Regional Medical Center; State's Exhibit No. 5 contained 218 pages of medical records from Cook's Children's Hospital.

4. To establish the predicate for a document's admissibility under Rule 803(6), the proponent must establish: (1) that the record was made and

· kept in the course of a regularly-conducted business activity; (2) that it was the regular practice of that business activity to make the record; (3) that the record was made at or near the time of the event being recorded; and (4) that the person making the record or submitting the information had personal knowledge of the events being recorded.

the weight to be given the records."[5] *United States v. Hathaway*, supra at 907.

There is no evidence showing that the source of the information or the method or circumstances of the medical records' preparation was not trustworthy. The affidavits before us are not patently false although it is not clear whether the affidavits misstated the number of pages contained in the medical records or whether there are pages missing from the medical records. Whether the affidavits are inaccurate or whether there are pages missing from the medical records should affect the weight to be given the evidence not the admissibility. Appellant has not shown that the trial court abused its discretion. We overrule appellant's point of error.

The judgment of the trial court is affirmed.

**5.** In *Texon Energy Corporation v. Dow Chemical Company*, 733 S.W.2d 328 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.), the court held that, once a prima facie predicate is laid, the burden should be on the opponent to show a lack of trustworthiness.