NUMBER 13-07-00498-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,


v.


RAMON ESCOBEDO, Appellee.

 


On appeal from the County Court at Law No. 4

of Hidalgo County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Chief Justice Valdez
 


 The Texas Department of Public Safety ("the Department") appeals from a judgment
directing it to rescind its suspension of Ramon Escobedo's ("Escobedo") driver's license. 
The Department raises two issues on appeal: the admissibility of the police report and the
existence of substantial evidence to support the administrative suspension. We reverse
and reinstate the administrative decision.

I. Background

 On April 23, 2006, Joel Perez, an off-duty Hidalgo County Sheriff's Deputy, observed
Escobedo weaving his car on and off a road, driving into a private driveway, and falling into
a ditch. Edinburg police officer Arnaldo Ysquierdo arrived at the scene shortly thereafter. 
Upon his arrival, Officer Ysquierdo observed that Escobedo displayed signs of intoxication:
Escobedo had an unsteady balance, bloodshot eyes, slurred speech, and a strong odor of
alcohol. Escobedo was thereafter placed under arrest and transported to the police station. 
After being asked to submit a breath specimen for analysis, Escobedo refused. 

As a result of Escobedo's purported refusal to submit a specimen of his breath for
analysis, the Department suspended his license. See Tex. Trans. Code Ann. § 724.035
(Vernon Supp. 2007). Escobedo then requested a hearing to contest the suspension of his
license before an Administrative Law Judge ("ALJ"). See id. § 724.041 (Vernon Supp.
2007).

The administrative hearing occurred on October 4, 2006. At the hearing, Escobedo
objected to the admission of officer Ysquierdo's sworn police report, arguing that the report
had a defective notary stamp, failed to include a criminal complaint, and failed to include
a booking sheet. The ALJ overruled each of Escobedo's objections and upheld the
suspension of his driving license. See id. § 724.035 (Vernon Supp. 2007). Escobedo
subsequently appealed the ALJ's decision to the Hidalgo County Court at Law #4. 

The hearing before the county court occurred on July 9, 2007. At the hearing,
Escobedo argued that the ALJ erred in admitting Officer Ysquierdo's sworn police report,
arguing that the report had a defective notary stamp, failed to include a criminal complaint
and booking sheet, and was not filed within five days of Escobedo's arrest. The trial court
took the matter under advisement. On July 18, 2007, the trial court entered an order
reversing the suspension of Escobedo's driving license, holding that "there [was] a lack of
substantial evidence supporting the administrative order suspending the driver license." 
This appeal ensued.

II. Discussion

The Department raises two issues on appeal. First, it contends that the trial court
erred in reversing the administrative decision, apparently based on the ALJ's admission of
the police report. (1) Second, the Department argues that the trial court erred in finding a lack
of substantial evidence to support the ALJ's decision. 

A. Standards of Review

 Administrative rulings on the admission or exclusion of evidence are reviewed under
an abuse of discretion standard. Tex. Dep't of Pub. Safety v. Struve, 79 S.W.3d 796, 803
(Tex. App.-Corpus Christi 1999, pet denied). The test for abuse of discretion is whether
the administrative ruling was arbitrary and unreasonable. Tex. Dep't of Pub. Safety v.
Jennings, 1 S.W.3d 348, 351 (Tex.App.-Corpus Christi 1999, no pet.). 

 Appeals regarding an administrative suspension of a driver's license are reviewed
under the substantial evidence standard. Mireles v. Tex. Dep't of Pub. Safety, 9 S.W.3d
128, 131 (Tex. 1999); Tex. Dep't of Pub. Safety v. Hutcheson, 235 S.W.3d 312 (Tex.App.-Corpus Christi 2007, pet. denied); see Tex. Trans. Code Ann. § 524.041 (Vernon 2007);
Tex. Gov't Code Ann. § 2001.174 (Vernon 2000). In the application of this standard, the
court may not substitute its judgment for that of the administrative law judge. Mireles, 9
S.W.3d at 131. The issue for the reviewing court is not whether the ALJ's order was
correct, but whether the record reflects a reasonable basis for the administrative judge's
order. Id. 

B. Admissibility of the Police Report

 The Department first argues that the trial court erred in reversing the administrative
order based on the ALJ's admission of a defective peace officer's report. As previously
noted, Escobedo argued to the county court that officer Ysquierdo's report had a defective
notary stamp, that the POR failed to include a criminal complaint and booking sheet, and
that the POR was not filed within five days of Escobedo's arrest. 

1. Notary Stamp

 At the administrative hearing, the ALJ overruled Escobedo's objection that the seal
at the bottom of the first page of the peace officer's sworn report failed to meet the
requirements of section 406.013 of the government code. See Tex. Gov't Code Ann. §
406.013 (Vernon 2005). Specifically, Escobedo argued that the notary seal was "illegible." 

 We find that the notary stamp displays the following: an affixed stamp, a rectangular
form which is not more than one inch in width and 2 and a half inches in length, and the
words "Notary Public, State of Texas" around a star with five points, the notary public's
name, and the date the commission expires. We find the notary stamp legible and in
compliance with section 406.013 of the government code. See Id; Tex. Dep't of Pub. Safety
v. Rajachar, No. 04-05-00354-CV, 2006 Tex. App. LEXIS 1582, at *4-5 (Tex. App.-San
Antonio March 1, 2006, no pet.) (designated for publication) (holding that a notary stamp
with an expiration date partially illegible was not invalid). 

2. Criminal Complaint Escobedo also objected to the police report on the basis that it failed to include a
criminal complaint. On appeal, the Department contends that the police report was not
required to include a criminal complaint, citing section 724.032 of the transportation code. 
See Tex. Trans. Code Ann. § 724.032 (Vernon 2007). We agree. 

 Texas law provides specific procedures to guarantee the basic elements of due
process when suspending a driver's license. The transportation code states if a driver
refuses to submit to the taking of a breath specimen, the arresting officer must serve the
driver with a notice of license suspension and make a written report of the refusal to the
director of the Texas Department of Public Safety. See id. § 724.032(a). Section
734.032(b)(2) provides that the report must contain a copy of: 

 (A) the refusal statement requested under Section 724.031; or 

 (B) a statement signed by the officer that the person refused to: 

 (i) submit to the taking of the requested specimen; and 

 (ii) sign the requested statement under Section 724.031. 

Id. § 724.032(b)(2). The statute, however, fails to include any requirement that the police
report must include a copy of the criminal complaint. See id. The ALJ was correct to
overrule Escobedo's objection on this matter. 

3. Booking Sheet 

 The peace officer's sworn report purported to include a booking sheet, making the
report a total of twelve pages. At the county court hearing, Escobedo argued that the ALJ
should not have admitted the report into evidence because the report failed to include this
particular document. He reasoned that this inaccuracy failed to adequately identify him as
the defendant. It is well established that certain defects in an officer's sworn report do not
preclude admission of the report into evidence. See Tex. Dep't of Pub. Safety v. Pruitt, 75
S.W.3d 634, 637-38 (Tex. App-San Antonio 2002, no pet.) (sworn report admissible even
though it cited incorrect statute); see also Ramos v. Tex. Dept. Pub. Safety, No. 04-05-00389-CV, 2006 Tex. App. LEXIS 1583, at *5-8 (Tex.App.-San Antonio Mar. 1, 2006 no
pet.) (mem. op., not designated for publication) (sworn report admissible even though it
listed incorrect number of pages and some attachments did not name arrestee); Tex. Dept.
Pub. Safety v. Salinas, No. 04-03-00578-CV, 2004 Tex. App. LEXIS 4257, at *4-5 (Tex.
App.-San Antonio May 12, 2004, no pet.) (mem. op., not designated for publication) (report
admissible even though officer's name omitted from introductory portion of sworn report). 
Moreover, any absence of the booking sheet will go to the weight of the evidence, not its
admissibility. See Adams v. State, 985 S.W.2d 582, 584 (Tex. App.-Eastland 1998, pet.
ref'd). We conclude the ALJ was correct in overruling Escobedo's "missing booking sheet"
objection. 

4. Filing within Five Days

 Escobedo also asserted that the ALJ erred in admitting the police report because the
report was not filed within five business days after the date of his arrest, as required by
section 524.011 of the transportation code. See Tex. Trans. Code Ann. § 524.011 (Vernon
2007). Escobedo, however, failed to raise this issue before the ALJ. By failing to raise the
alleged non-compliance with the five-day rule in the administrative record, Escobedo failed
to preserve any complaint on this issue for appeal to the county court. See Tex. R. App. P.
33.1; Tex. Dept. Pub. Safety v. Guajardo, 970 S.W.2d 602, 606 (Tex. App.-Houston [14th
Dist.] 1998, no pet.). We therefore find that the five-day requirement was not a proper
ground for setting aside the suspension. 

 In sum, we find that the ALJ was correct in overruling each of Escobedo's objections,
and that the police officer's sworn report was properly admitted by the ALJ. The
Department's first issue is sustained. 

C. Substantial Evidence

 Having found Officer Ysquierdo's report admissible, we further find that the report
supported the ALJ's decision to suspend Escobedo's driver's license. Thus, to the extent
that the county court's order stipulates that the ALJ's decision was not supported by
substantial evidence, we disagree.

III. Conclusion

 We reverse the county court's order and render judgment reinstating the ALJ's order
authorizing the suspension of Escobedo's driver's license.

 


 ________________________

 ROGELIO VALDEZ

 Chief Justice 


Memorandum Opinion delivered and 

filed this the 29th day of July, 2008. 

 


1. In appealing the suspension of his license to the county court, Escobedo confined his arguments
to the admissibility of Officer Ysquierdo's police report. Because the order reversing the suspension of
Escobedo's driver's license stipulates only that "there was a lack of evidence supporting the administrative
order," we assume, as does the Department on appeal, that the county court accepted Escobedo's arguments
that the police report was procedurally defective, and, therefore, that it was erroneously admitted into evidence
by the ALJ. No formal written ruling on Escobedo's challenge to the admission of the police report appears
in the record.