

## NUMBER 13-07-00498-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**TEXAS DEPARTMENT OF PUBLIC SAFETY,**         **Appellant,**

**v.**

**RAMON ESCOBEDO,**         **Appellee.**

---

### On appeal from the County Court at Law No. 4
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Benavides
### Memorandum Opinion by Chief Justice Valdez

The Texas Department of Public Safety ("the Department") appeals from a judgment directing it to rescind its suspension of Ramon Escobedo's ("Escobedo") driver's license. The Department raises two issues on appeal: the admissibility of the police report and the existence of substantial evidence to support the administrative suspension. We reverse and reinstate the administrative decision.

## I. Background

On April 23, 2006, Joel Perez, an off-duty Hidalgo County Sheriff's Deputy, observed Escobedo weaving his car on and off a road, driving into a private driveway, and falling into a ditch. Edinburg police officer Arnaldo Ysquierdo arrived at the scene shortly thereafter. Upon his arrival, Officer Ysquierdo observed that Escobedo displayed signs of intoxication: Escobedo had an unsteady balance, bloodshot eyes, slurred speech, and a strong odor of alcohol. Escobedo was thereafter placed under arrest and transported to the police station. After being asked to submit a breath specimen for analysis, Escobedo refused.

As a result of Escobedo's purported refusal to submit a specimen of his breath for analysis, the Department suspended his license. *See* TEX. TRANS. CODE ANN. § 724.035 (Vernon Supp. 2007). Escobedo then requested a hearing to contest the suspension of his license before an Administrative Law Judge ("ALJ"). *See id.* § 724.041 (Vernon Supp. 2007).

The administrative hearing occurred on October 4, 2006. At the hearing, Escobedo objected to the admission of officer Ysquierdo's sworn police report, arguing that the report had a defective notary stamp, failed to include a criminal complaint, and failed to include a booking sheet. The ALJ overruled each of Escobedo's objections and upheld the suspension of his driving license. *See id.* § 724.035 (Vernon Supp. 2007). Escobedo subsequently appealed the ALJ's decision to the Hidalgo County Court at Law #4.

The hearing before the county court occurred on July 9, 2007. At the hearing, Escobedo argued that the ALJ erred in admitting Officer Ysquierdo's sworn police report, arguing that the report had a defective notary stamp, failed to include a criminal complaint and booking sheet, and was not filed within five days of Escobedo's arrest. The trial court

2

took the matter under advisement. On July 18, 2007, the trial court entered an order reversing the suspension of Escobedo's driving license, holding that "there [was] a lack of substantial evidence supporting the administrative order suspending the driver license." This appeal ensued.

## II. Discussion

The Department raises two issues on appeal. First, it contends that the trial court erred in reversing the administrative decision, apparently based on the ALJ's admission of the police report.[1] Second, the Department argues that the trial court erred in finding a lack of substantial evidence to support the ALJ's decision.

### A. Standards of Review

Administrative rulings on the admission or exclusion of evidence are reviewed under an abuse of discretion standard. *Tex. Dep't of Pub. Safety v. Struve*, 79 S.W.3d 796, 803 (Tex. App.–Corpus Christi 1999, pet denied). The test for abuse of discretion is whether the administrative ruling was arbitrary and unreasonable. *Tex. Dep't of Pub. Safety v. Jennings*, 1 S.W.3d 348, 351 (Tex.App.–Corpus Christi 1999, no pet.).

Appeals regarding an administrative suspension of a driver's license are reviewed under the substantial evidence standard. *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999); *Tex. Dep't of Pub. Safety v. Hutcheson*, 235 S.W.3d 312 (Tex.App.-Corpus Christi 2007, pet. denied); *see* TEX. TRANS. CODE ANN. § 524.041 (Vernon 2007); TEX. GOV'T CODE ANN. § 2001.174 (Vernon 2000). In the application of this standard, the

---

[1] In appealing the suspension of his license to the county court, Escobedo confined his arguments to the admissibility of Officer Ysquierdo's police report. Because the order reversing the suspension of Escobedo's driver's license stipulates only that "there was a lack of evidence supporting the administrative order," we assume, as does the Department on appeal, that the county court accepted Escobedo's arguments that the police report was procedurally defective, and, therefore, that it was erroneously admitted into evidence by the ALJ. No formal written ruling on Escobedo's challenge to the admission of the police report appears in the record.

court may not substitute its judgment for that of the administrative law judge. *Mireles*, 9 S.W.3d at 131. The issue for the reviewing court is not whether the ALJ's order was correct, but whether the record reflects a reasonable basis for the administrative judge's order. *Id.*

**B. Admissibility of the Police Report**

The Department first argues that the trial court erred in reversing the administrative order based on the ALJ's admission of a defective peace officer's report. As previously noted, Escobedo argued to the county court that officer Ysquierdo's report had a defective notary stamp, that the POR failed to include a criminal complaint and booking sheet, and that the POR was not filed within five days of Escobedo's arrest.

*1. Notary Stamp*

At the administrative hearing, the ALJ overruled Escobedo's objection that the seal at the bottom of the first page of the peace officer's sworn report failed to meet the requirements of section 406.013 of the government code. *See* TEX. GOV'T CODE ANN. § 406.013 (Vernon 2005). Specifically, Escobedo argued that the notary seal was "illegible."

We find that the notary stamp displays the following: an affixed stamp, a rectangular form which is not more than one inch in width and 2 and a half inches in length, and the words "Notary Public, State of Texas" around a star with five points, the notary public's name, and the date the commission expires. We find the notary stamp legible and in compliance with section 406.013 of the government code. *See Id*; *Tex. Dep't of Pub. Safety v. Rajachar*, No. 04-05-00354-CV, 2006 Tex. App. LEXIS 1582, at *4-5 (Tex. App.–San Antonio March 1, 2006, no pet.) (designated for publication) (holding that a notary stamp

4

with an expiration date partially illegible was not invalid).

*2. Criminal Complaint*

Escobedo also objected to the police report on the basis that it failed to include a criminal complaint. On appeal, the Department contends that the police report was not required to include a criminal complaint, citing section 724.032 of the transportation code. *See* TEX. TRANS. CODE ANN. § 724.032 (Vernon 2007). We agree.

Texas law provides specific procedures to guarantee the basic elements of due process when suspending a driver's license. The transportation code states if a driver refuses to submit to the taking of a breath specimen, the arresting officer must serve the driver with a notice of license suspension and make a written report of the refusal to the director of the Texas Department of Public Safety. *See id*. § 724.032(a). Section 734.032(b)(2) provides that the report must contain a copy of:

(A) the refusal statement requested under Section 724.031; or

(B) a statement signed by the officer that the person refused to:

(i) submit to the taking of the requested specimen; and

(ii) sign the requested statement under Section 724.031.

*Id*. § 724.032(b)(2). The statute, however, fails to include any requirement that the police report must include a copy of the criminal complaint. *See id.* The ALJ was correct to overrule Escobedo's objection on this matter.

*3. Booking Sheet*

The peace officer's sworn report purported to include a booking sheet, making the report a total of twelve pages. At the county court hearing, Escobedo argued that the ALJ

should not have admitted the report into evidence because the report failed to include this particular document. He reasoned that this inaccuracy failed to adequately identify him as the defendant. It is well established that certain defects in an officer's sworn report do not preclude admission of the report into evidence. *See Tex. Dep't of Pub. Safety v. Pruitt*, 75 S.W.3d 634, 637-38 (Tex. App–San Antonio 2002, no pet.) (sworn report admissible even though it cited incorrect statute); *see also Ramos v. Tex. Dept. Pub. Safety*, No. 04-05-00389-CV, 2006 Tex. App. LEXIS 1583, at *5-8 (Tex.App.–San Antonio Mar. 1, 2006 no pet.) (mem. op., not designated for publication) (sworn report admissible even though it listed incorrect number of pages and some attachments did not name arrestee); *Tex. Dept. Pub. Safety v. Salinas*, No. 04-03-00578-CV, 2004 Tex. App. LEXIS 4257, at *4-5 (Tex. App.–San Antonio May 12, 2004, no pet.) (mem. op., not designated for publication) (report admissible even though officer's name omitted from introductory portion of sworn report). Moreover, any absence of the booking sheet will go to the weight of the evidence, not its admissibility. *See Adams v. State*, 985 S.W.2d 582, 584 (Tex. App.–Eastland 1998, pet. ref'd). We conclude the ALJ was correct in overruling Escobedo's "missing booking sheet" objection.

*4. Filing within Five Days*

Escobedo also asserted that the ALJ erred in admitting the police report because the report was not filed within five business days after the date of his arrest, as required by section 524.011 of the transportation code. *See* Tex. Trans. Code Ann. § 524.011 (Vernon 2007). Escobedo, however, failed to raise this issue before the ALJ. By failing to raise the alleged non-compliance with the five-day rule in the administrative record, Escobedo failed to preserve any complaint on this issue for appeal to the county court. *See* Tex. R. App. P.

6

33.1; *Tex. Dept. Pub. Safety v. Guajardo*, 970 S.W.2d 602, 606 (Tex. App.–Houston [14th Dist.] 1998, no pet.). We therefore find that the five-day requirement was not a proper ground for setting aside the suspension.

In sum, we find that the ALJ was correct in overruling each of Escobedo's objections, and that the police officer's sworn report was properly admitted by the ALJ. The Department's first issue is sustained.

## C. Substantial Evidence

Having found Officer Ysquierdo's report admissible, we further find that the report supported the ALJ's decision to suspend Escobedo's driver's license. Thus, to the extent that the county court's order stipulates that the ALJ's decision was not supported by substantial evidence, we disagree.

## III. Conclusion

We reverse the county court's order and render judgment reinstating the ALJ's order authorizing the suspension of Escobedo's driver's license.

_____
ROGELIO VALDEZ
Chief Justice

Memorandum Opinion delivered and
filed this the 29th day of July, 2008.